JOHN McCRIMMIN v. JOHN COOPER.

On a former appeal of this cause (33 Texas, 383), this court not only reversed the judgment of the court below, which was based on the verdict of a jury, but proceeded to render final judgment in favor of the then appellant. *Held,* that however erroneous may have been the final judgment thus rendered, it was not void; and the District Court had no authority to enjoin that judgment, on a petition impeaching its validity for want of jurisdiction in this court to render it

APPEAL from Cherokee. Tried below before the Hon. L. W. Cooper.

The case of Cooper *v.* McCrimmin, 33 Texas, 383, together with the opinion and the head-note in the present case, furnishes all the facts of any significance.

A preliminary injunction was granted, but was dissolved on final hearing, with judgment for Cooper, from which McCrimmin appeals.

*Bonner & Bonner,* for the appellant.

The attention of the court is invited to a careful consideration of this case, not so much on account of the amount originally in controversy, as the importance of the application of the principle involved. There are several errors assigned. Those which will be noticed here are, substantially:

That the court erred in sustaining the motion to dissolve the injunction.

In sustaining the exceptions to the original and amended petitions in injunction.

And in excluding the testimony from the jury, as shown by the several bills of exception.

The following propositions of law, which are so elementary that it is deemed almost unnecessary to adduce authorities in their support, are respectfully submitted:

*First.* That a judgment rendered by a court having jurisdiction neither of the person nor the subject matter, is null

and void, and can be collaterally impeached. (Horan *v.* Wahrenberger, 9 Texas, 313; Withers *v.* Paterson, 27 Texas, 491; Thouvenin *v.* Rodrigues, 24 Texas, 468.)

*Second.* That a court of limited jurisdiction cannot·exceed the power given by the law creating it, and that while every presumption is indulged in favor of the proceedings of a court of general jurisdiction, until it be made to appear affirmatively that the court in fact had no jurisdiction over the person or the subject-matter; on the contrary, no presumptions are indulged in favor of courts of limited jurisdiction, but their proceedings must show affirmatively that they had the necessary jurisdiction. (Withers *v.* Patterson, 27 Texas, 491; Mitchell *v.* Runkle, 25 Texas, Sup., 135.)

*Third.* That the Supreme Court of Texas is a court of limited and appellate jurisdiction, and can legally render such judgment only as the Constitution and laws of the State authorize. (Constitution State, Article 5, Section 3; Brown *v.* Torrey, 22 Texas, 54.)

Tested by these well-established principles of law, the facts in this case clearly show that the judgment sought to be enjoined was rendered without authority of law by the Supreme Court, and was consequently null and void.

By Article 5, Section 3, of the Constitution, it is provided that " the Supreme Court shall have appellate jurisdiction only, " which, in civil causes, shall be co-extensive with the limits of " the State."

The statute regulating the jurisdiction and practice of the Supreme Court (Pas. Dig., Article 1562) is as follows : " The " Supreme Court shall have appellate jurisdiction over all man- " ner of pleas, plaints, motions, causes, and controversies, both " civil and criminal, which may be brought before it, from the " District or any other courts of the State, and which shall be " cognizable in said Supreme Court according to the laws and " Constitution of the State; and when the judgment or decree " of the court below, in civil cases, shall be reversed, the Su- " preme Court shall proceed to render such judgment or decree

" as the court below should have rendered or pronounced, except
" when it be necessary that some matter of fact be ascertained,
" or the damages to be assessed, or the matter to be decreed is un-
" certain, in either of which cases the cause or prosecution, as the
" case may be, shall be remanded for a more definite decision."

Hence, it is beyond question that the Supreme Court, in its
exercise of supervisory appellate jurisdiction, as in the case then
before it, where it becomes necessary to ascertain issues of fact
between the parties, cannot take jurisdiction to decide such
issues; but in cases of supposed error in the proceedings below,
must remand the cause. In certain cases, as where there is a
controversy as to the death of a party at the time when the
judgment in the Supreme Court was rendered, that court can
hear affidavits in support of its jurisdiction. (Martel v. Hern-
sheim, 9 Texas, 294.)

But it is in cases only where the disputed facts originate in
its own proceedings that the Supreme Court can take cog-
nizance of them.

In Brown v. Torrey, 22 Texas, 54, where the question for
the first time was raised in the Supreme Court, that one of the
plaintiffs below was dead at the time of the rendition of the
judgment appealed from, and hence that the judgment was a
nullity, the Supreme Court say, " but the fact of such death
" does not appear by the record. It was not suggested or
" otherwise brought to the notice of the court below; and
" nothing can be more perfectly clear than that this court can
" only revise the judgment of the District Court, for errors
" apparent upon the record. To entertain the question of fact
" for decision for the first time in this court as a ground for
" reversing the judgment, would be plainly violative of the
" Constitution, which confers upon this court in reference to
" judgments of the District Courts appellate jurisdiction only.
" This is a court strictly of appellate jurisdiction, and cannot,
" therefore, take cognizance of questions of fact affecting the
" judgments of the District Court which have not been pre-
" sented to that court for adjudication."

On a similar question, Justice Lipscomb, in Meyer *v.* Caro-lan, 9 Texas, 254, uses this forcible language : " The sufficiency " of the security tendered is always a question of fact, and can- " not be tried by the appellate court, organized as it is, with- " out a jury. In this respect the powers of this court are more " circumscribed than the court of King's Bench ; for although " that court was a court of appellate or revisionary jurisdiction, " it could, at all times, impanel a jury to try a contested fact."

In Patrick *v.* Gibbs, 17 Texas, 279, in which a jury was waived, and the cause submitted to the judge, where the judgment of the court below was reversed, and the only fact to be ascertained by the Supreme Court was simply the rate of interest provided for by the written law of a sister State, and which could be ascertained by a mere inspection of the statute, nevertheless, the Supreme Court would not render judgment for the plaintiff, because that rate of interest was not proved in the court below. (See Love *v.* Barbor, 17 Texas, on p. 321.)

If, then, the Supreme Court is a court of such limited appellate jurisdiction only, and cannot take cognizance of questions of fact without the aid of the verdict of a jury, much less can it take cognizance of such questions by deciding them contrary, not only to the verdict of one, but, in this case, to the verdict of three juries.

In Article 1562, Paschal's Digest, above cited, it will be seen that, " where the judgment or decree of the court below " in civil cases shall be reversed, the Supreme Court shall pro- " ceed to render such judgment or decree as the court below " should have rendered, except when it be necessary that some " matter of fact be ascertained." Even if this very important and controlling exception, " that some matter of fact had to " be ascertained," had not have been presented in the particu-lar case then before the Supreme Court, it could only in any event have rendered such judgment as the court below should have rendered.

It is respectfully asked, what judgment, under the issues between the parties, and on the verdict of the jury in favor

of the defendant McCrimmin, could the court below have rightfully rendered? It will be seen, from the statement of facts and the opinion of the Supreme Court on the former appeal, reported in 27 Texas, 113, that the suit was upon a conditional contract, that the plaintiff, Cooper, would build and complete a bridge according to contract, and by a certain time, which was contended to have been of the essence of the contract. That, among other issues between the parties, was the very controlling one, as to whether the bridge had been so built, and within the time stipulated. The burden of proof was upon the plaintiff Cooper. The two verdicts and judgments in the justice's court, and the verdict in the District Court on these issues were all in favor of the defendant McCrimmin.

Under this state of the case, we repeat the question, What judgment could the District Court rightfully have rendered? Unhesitatingly we answer, either to have given judgment for the defendant, McCrimmin, on the verdict in his favor, or if it had been considered that the court had erred in the law of the case, or that the jury had found contrary to the evidence, to have granted a new trial. (See strong case directly in point, Love v. Barbor, 17 Texas, 321.) And it will be remembered that, by repeated decisions of this court, to entitle a party to a new trial the verdict must be clearly wrong—it is not enough that it is not clear that it is right. Certainly the district judge could not have set aside the verdict of the jury in favor of McCrimmin, and given judgment against him; and if that court, which had original jurisdiction of the case, and discretionary powers in granting new trials, could not do this, surely it will not seriously be contended that a court having merely appellate jurisdiction had this power.

*Long & Oatman*, for appellee.

WALKER, J. Should this court render a judgment in any cause over which it had not jurisdiction, there can be no doubt but such judgment would be void, and might be attacked or

set aside in any court of competent jurisdiction. But the proposition upon which this case has proceeded is a very different one.

It is not necessary for us to argue that the judgment of the Supreme Court herein complained of is free from error ; but that the court had special statutory jurisdiction to render the judgment is a matter which cannot be disputed. The statute makes it the duty of the Supreme Court, in many instances, where it is believed the District Court has erred, to render such judgment as the District Court ought to have rendered ; and, as is well known to every practitioner, there is a class of cases, or rather, it not unfrequently occurs, that in the application of the law to the facts, it becomes the duty of the court to enter up judgment *non obstante veredicto*. We are not called on in this case to defend the judgment of the Supreme Court further than to declare that the court had undoubted jurisdiction to render the judgment in question. It may have been error so to do ; but that error might have been corrected in this court, and we believe it has been the prevailing disposition of the court at all times to render a willing ear to the correction of its own errors, when the proper practice has been adopted to bring them to the attention of the court. But we cannot hold ourselves responsible for the mistakes of others.

It is not the least difficult part of our duty, in many instances, after we have determined the law of a case, to decide on the precise judgment which we should enter, whether judgment should be reformed and rendered, reversed and remanded, or reversed and dismissed ; and we not unfrequently, after an opinion has been read, solicit the views of counsel touching the settlement of these questions. If the original judgment of the Supreme Court was erroneous, and attention had been called at the time the opinion was read, the error would doubtless have been promptly corrected.

Much deference was paid by every member of the court to the judgment of the Chief Justice, who was an old practitioner under our system, and was believed to be well acquainted

with the law and the practice of the courts; and if rendering a judgment for the plaintiff below, against whom there had been a verdict in the District Court, was error, it may have been an error of that character which every member of the court would have recognized on the briefest suggestion, and none sooner than the Chief Justice himself.

The truth is, the case was one which had run the gauntlet of the courts until the costs amounted to ten times the paltry sum of ten dollars, the amount originally in controversy; and this circumstance may have improperly disposed the court to favor a summary disposition of it. We have felt it was due to the court to say thus much on this subject.

The case at bar is easily disposed of. The Supreme Court had jurisdiction to render the judgment it did render, and the District Court had no power to enjoin it. The judgment is therefore affirmed.

Affirmed.