[No. 1868, May 2, 1916.]
## OWEN v. TERRELL.

### SYLLABUS BY THE COURT.
The pendency of a motion, not necessary to the perfecting of an appeal or writ of error, will in no wise invalidate the appeal or writ of error; but the perfecting of the appeal or writ of error, while such motion is pending and undisposed of, will be considered as an abandonment of the pending motion in the trial court.

Error to District Court, Grant County; E. L. Medler, Judge.

Action by H. D. Terrell against O. L. Owen.   Judgment for plaintiff, and defendant brings error, and plaintiff moves to dismiss.   Motion denied.

F. C. WILSON of Santa Fé, for plaintiff in error.

TERRELL & BLACK of Silver City, for defendant in error.

## STATEMENT OF FACTS.

The defendant in error brought this action in the district court of Grant county under the provisions of section 26, chapter 63, of the Laws of 1909, as amended by chapter 26 of the Laws of 1915. From the complaint it appears that the defendant in error obtained a judgment against the defendant, Owen, in the district court of Curry county, upon which there was an unsettled balance at the time this suit was filed. The defendant, Owen, is a member of the State Corporation Commission, and this proceeding was instituted for the purpose of garnisheeing Owen's salary, as such official, for the first two months of the second quarter of the fiscal year of 1915. Garnishment writs were issued against and served upon W. G. Sargent, state auditor, and O. N. Marron, state treasurer. On September 15, 1915, a default judgment, with certain findings, was entered against the defendant, Owen, whereby Owen was found to be indebted to the defendant in error in the sum of $452.47, and costs of the action. It was recited in the said judgment that the state auditor, as garnishee, had delivered to the sheriff of Grant county a warrant drawn to the order of the defendant for $645.08, the amount due Mr. Owen from the state on the 18th day of August, 1915, the date of the formal order of default. The judgment directed the sheriff to indorse upon the state warrant the name of the defendant, Owen, and present the same to the state treasurer, who was directed to pay the warrant and out of the proceeds of such collection the sheriff was ordered to pay the plaintiff, Terrell, the amount of the judgment, turning over to the defendant, Owen, the residue remaining after said payment to Terrell.

On September 16, 1915, the day after the entry of the aforesaid judgment, a motion to quash the writ of garnishment was filed in the district court of Grant county

by defendant, which motion set up jurisdictional grounds. On the 22d day of September, 1915, there was also filed by defendant a motion to set aside the default judgment, which was also based upon jurisdictional grounds. On November 4, 1915, a writ of error was sued out of this court, to which a proper return has been made by the clerk of the district court in and for Grant county.

The defendant in error now appears and moves to dismiss the writ of error upon several grounds, which, briefly stated, are: That the pendency of the two motions to quash the writ and set aside the judgment until disposed of destroy the final character of the judgment in the trial court, so that no appeal or writ of error would lie therefrom until such motions had been acted upon by the district court, or otherwise disposed of. A further ground of objection, as a basis for the motion to dismiss is that the writ of error was not sued out within 20 days after the date of the rendition of the judgment, which objection would, however, have no application if the judgment be a final judgment; or, in other words, could only apply to interlocutory judgments.

### OPINION OF THE COURT.

HANNA, J. (after stating the facts as above)—The defendant in error relies upon two propositions in support of his motion to dismiss the writ of error, the first being that the pendency of a motion to set aside a judgment when filed in due time suspends the operation of the original judgment or decree so that it does not take final effect for the purpose of a writ of error until such motion is disposed of. It is contended that this proposition is supported by the case of Irrigation Co. v. Lee et al., 15 N. M. 567, 578, 113 Pac. 834, and the case of Dye v. Meece, 16 N. M. 191, 113 Pac. 839. The case of Memphis v. Brown, 94 U. S. 717, 24 L. Ed. 244, is also cited and was the authority relied upon in the case of Irrigation Co. v. Lee, in which case the territorial Supreme Court held it to be the rule:

"That the pendency of a motion to set aside the decree when filed in due time clearly suspends the operation of the original decree so that it does not take final effect for purposes of writ of error until such motion is disposed of."

The holding in this case was followed in Dye v. Meece, but it is to be borne in mind that the territorial Supreme Court was considering the effect of the pendency of the motions from a different standpoint than is now presented for our consideration.

In the case of Irrigation Co. v. Lee, the question presented was whether the judgment was final or interlocutory. In the case of Dye v. Meece, the question turned upon the fact of whether or not the motion to vacate the judgment suspended the judgment, and the effect of such suspension upon the time within which an appeal must be taken. In both cases the motions in question had not only been presented to the court for consideration, but had actually been acted upon and were a part of the record. In the present case it is contended that plaintiff in error had a right to abandon either or both of the motions, and that neither was essential to his right to sue out a writ of error. Plaintiff in error further contends that the suing out of the writ of error before the consideration of the motion to set aside the judgment was an abandonment of that motion, or, in effect, a waiver of the necessity for the consideration of the motion by the district court which was divested of jurisdiction over the cause when the writ of error was sued out.

Another contention is made by plaintiff in error that neither of the motions filed in the trial court were necessary to the consideration by the appellate court of the questions involved. But little authority is cited, or found by us in our investigation of this question, that throws light upon the subject.

Going to the last contention of plaintiff in error, we have found a case decided by the Supreme Court of Iowa (Hunt v. Iowa Central R. Co., 86 Iowa, 15, reported in 52 N. W. 668, 41 Am. St. Rep. 473), where the effect of

a motion for a new trial, which was undisposed of at the time an appeal was sued out, is considered from the standpoint of whether or not the cause had been finally disposed of by the district court at the time the appeal was taken. By the terms of the statute of Iowa a motion for a new trial was not necessary to the review on appeal, and therefore the motion to dismiss the appeal was overruled. We are inclined to agree with the reasoning of this case, as we do not think it is proper for this court to add to the difficulties attending judicial procedure. The modern tendency is to simplify procedure so far as possible, and we think it is consistent with reason and common sense to hold that a party to litigation may elect to abandon any step in the proceedings which he neglects to call to the attention of the trial court. It is customarily held that parties to litigation may waive a right by course of conduct when they elect to forego the benefits of that right, or to pursue another course.

As suggested by Mr. Bowers in his Law of Waiver, at section 65:

"It is well settled in law that a party having the privilege of following either of two inconsistent remedies who makes an election of one, commences his action thereon and prosecutes it to final judgment or receives anything of value thereunder waives the right to thereafter pursue the other inconsistent remedy."

It is also stated by the same author that "a man may not take two contradictory positions."

While the text quoted has no particular application to the present case, it points to the general policy of courts in matters bearing similar analogy in point of principle to the question here under consideration. It is not to be gainsaid that the plaintiff in error in this cause could have gone into the district court and sought leave to withdraw either or both of his motions from consideration by the trial court, and secured the consent of the trial court to strike the same from the files. Had he done this, there would be no question in the present case. He has, in effect, shown his intention to abandon the motions by

suing out his writ of error, and thereby depriving the trial court of jurisdiction over the cause by bringing the matter here for review. He could not ask consideration of either of the motions filed subsequent to judgment in the court below, and has, in effect, said that he considered the motions unnecessary to a review of the cause and elected to assign no error relative thereto, but seeks to review the case upon the record made without consideration of either of such motions. It is clearly an election to abandon any rights he may have had growing out of either of said motions, and we believe the greater good is to be subserved in a construction by this court that his action amounts to an election to waive the motions and proceed with the cause as though neither of them had been made.

The second proposition relied upon by defendant in error is that the complaining party, in order to avail himself of alleged error, must in some manner call the attention of the trial court to the claimed error in order to give the trial court an opportunity to avoid the same. This question may properly be presented on final hearing on the merits, but, in so far as the present motion is concerned, is of no consequence.

We therefore hold that the pendency of a motion, not necessary to the perfecting of an appeal or writ of error, will in no wise invalidate the appeal or writ of error, while such motion is pending and undisposed of, will be considered as an abandonment of the pending motion in the trial court. The motion to dismiss is therefore overruled, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.