**O'NEIL et al. v. DUFFEY et al.** (No. 10549.)

(Court of Civil Appeals of Texas. Fort Worth. April 7, 1923.)

**1. Courts ⊨480(2)—County court could not enjoin enforcement of judgment entered under mandate of Court of Civil Appeals.**

Where the county court entered judgment against sureties on supersedeas bond pursuant to mandate of Court of Civil Appeals issued on affirmance of the judgment, the sureties could not obtain an injunction in the county court restraining the enforcement of the judgment against them, since the judgment was that of the Court of Civil Appeals, and the interpretation and enforcement of the judgment was a matter exclusively for such court, under Rev. St. art. 4653.

**2. Appeal and error ⊨1206 — Interpretation and enforcement of judgment of superior court belongs exclusively to that court as between it and inferior court.**

The interpretation and enforcement of a judgment of a superior court belongs exclusively to that court as between it and an inferior court.

**3. Appeal and error ⊨428(1) — Failure of clerk to enter notice of appeal does not deprive appellate court of jurisdiction.**

The fact that notice of appeal was not entered by the clerk does not deprive the appellate court of jurisdiction.

**4. Appeal and error ⊨337(3)—Taking of appeal prior to overruling of motion for new trial did not invalidate appeal.**

In an action tried before the court without a jury, the fact that the appeal was taken prior to the overruling of the motion for a new trial did not invalidate the appeal, since the appeal in such case was from the original judgment, and not the judgment and order denying the motion for the new trial, and since an appeal could be taken in such case without a motion for a new trial.

**5. Judgment ⊨451—Failure to apply for a rehearing held fatal to right to enjoin enforcement of judgment.**

Where sureties on supersedeas bond against whom the court entered judgment pursuant to mandate of appellate court issued on affirmance of judgment had knowledge of the judgment of the court within the time provided for filing a motion for a rehearing, their failure to apply for a rehearing or to show any excuse for not so doing precluded them from obtaining an injunction against the enforcement of the judgment.

**6. Appeal and error ⊨1185 — Court of Civil Appeals empowered to correct and set aside judgments during the term at which rendered.**

The Court of Civil Appeals has power to correct and set aside any of its judgments on a proper application at any time during the term of the court at which they were rendered.

**7. Injunction ⊨118(1)—Petition must negative every reasonable hypothesis from which it might be inferred that defendant had the right to do the act complained of.**

In an injunction suit, the petition must negative every reasonable hypothesis from which it might be inferred that the defendant had the right to do the act of which complaint is made.

Appeal from Wichita County Court; Guy Rogers, Judge.

Suit by John O'Neil and another against James Duffey and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Weeks, Morrow & Francis, of Wichita Falls, for appellants.

Bonner, Bonner & Sanford, of Wichita Falls, for appellees.

BUCK, J. John O'Neil and P. L. Jennings filed a petition for a writ of injunction in the county court at law, Wichita county, seeking to restrain the sheriff of said county and James L. Duffy and J. T. Heffron from further proceedings against the plaintiffs on account of a certain judgment against them as sureties on a supersedeas bond. The supersedeas bond was filed in an appeal to this court from a judgment in the case of James L. Duffy and J. T. Heffron v. Roy Bell and G. J. Armstrong, in which cause the plaintiffs recovered judgment against the defendants, and on appeal to this court the judgment below was affirmed and judgment rendered against the appellants here as sureties. It appears that the judgment for plaintiff in the original suit was rendered on October 24, 1921, in the sum of $600. This docket entry does not appear to have been carried into the minutes of the court. It is noted on the judge's docket that "defendant excepts and gives notice of appeal and 60 days granted in which to prepare bills of exception and statement of facts." On October 26, 1921, the defendants in the original suit filed a motion for a new trial. On November 12th the defendants filed their supersedeas bond with the appellants here as sureties. On December 2 the motion for new trial was overruled. On November 4, 1922, this court affirmed the judgment of the trial court, and entered judgment against the sureties on the supersedeas bond and commanded the court below "to observe the order of our said Court of Civil Appeals for the Second Supreme Judicial District of Texas in this behalf and in all things for it duly recognized, obeyed, and executed." This mandate was issued December 18, 1922. On December 26, thereafter, the court below entered judgment upon the mandate of this court, which judgment was against the sureties on the supersedeas bond. The appeal to this court was on the supersedeas bond executed by the de-

⊨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendants in the original suit as principals and appellants as sureties.

[1, 2] We are of the opinion that the instant suit is one in effect to enjoin the judgment of the Court of Civil Appeals, and, unless such judgment was absolutely void, that ·this cannot be done. The interpretation and enforcement of a judgment of a superior court belongs exclusively to · that court as between it and an inferior court. Conley v. Anderson (Tex. Sup.) 164 S. W. 985; McCrimmin v. Cooper, 37 Tex. 423; Kendall & Harcourt v. Mather, 48 Tex. 585; Cattlemen's Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115, 1117. In 4 Corpus Juris, § 2290, p. 1232, it is said:

"Where the judgment is in the lower court, either by reason of its original judgment having been simply affirmed or a judgment having been entered by it in pursuance of the mandate of the appellate court or the judgment of the appellate court having been sent back to it for execution, the lower court has power to enforce it, by execution or otherwise, as it finally stands or should stand, without variation; and the effect of the determination on appeal is to deprive the lower court of the determination on appeal is to deprive the lower court of power to stay, enjoin, or interfere with the enforcement of the judgment, except as against third persons not bound by it, or in cases where the judgment has been paid and satisfied. Also after a judgment has been affirmed on appeal or a writ of error has been dismissed, and the mandate has been filed in the lower court, a stay of execution pending the appeal or error proceedings is nugatory, and an order vacating it is unnecessary."

[3] The fact that notice of appeal given in the court was not entered by the clerk does not deprive the appellate court of jurisdiction. W. U. Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945. Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending or such judgment was rendered. Article 4653, Rev. Statutes. Since it appears from the authorities cited that the judgment rendered in the original suit and affirmed by this court became after the affirmance the judgment of this court, it follows that any re· lief sought by appellants here could not be obtained in a county or district court, unless the judgment affirmatively appears from the face of the record to be void.

[4] We do not think that it affirmatively appears from the record of the original case that the judgment rendered in the lower court and in this court was void. We think undoubtedly the defendants in that suit could have appealed without making any motion for a new trial, the cause · having been tried before the court without the intervention of a jury, and that, an appeal bond having been filed prior to the overrul-

ing of the motion for a new trial, it must be held that in fact the appeal was taken from the original judgment, rather than from the judgment and order of the court overruling a motion for new trial. In Owen v. Terrell, 21 N. M. 647, 157 Pac. 672, the Supreme Court of New Mexico held that the pendency of a motion, not necesary to the perfecting of an appeal or writ of error, will in no wise invalidate the appeal or writ of error; but the perfecting of the appeal or writ of error, while such motion is pending and undisposed of, will be considered as an abandonment of the pending motion in the trial court. U. S. v. Hodge, 6 How. 279, 12 L. Ed. 437; Brown v. Evans (C. C.) 18 Fed. 56; West v. Cunningham, 9 Port. (Ala.) 104, 33 Am. Dec. 300. These cases hold that the filing of a motion for new trial does not waive an appeal or writ of error from the original judgment. See, also, United States v. Dashiell, 4 Wall. 182, 18 L. Ed. 319.

[5-7] Appellee urges that a failure to show any excuse for not applying to this court for a rehearing is fatal to the appellants' right to enjoin the enforcement of the judgment of this court. He cites such cases as Wichita County Lbr. Co. v. Maer (Tex. Civ. App.) 235 S. W. 990; Cole v. Varner (Tex. Civ. App.) 246 S. W. 410; Tex. Mex. Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200. In these cited cases it is held that, where a defendant in judgment knows of a judgment in time to file a motion for new trial or to apply for a writ of certiorari, he has no right to apply to a court of equity for an injunction to restrain the enforcement of the judgment, and this is true even though the judgment is void for want of jurisdiction over the person of defendant. The judgment of affirmance was rendered by this court on November 4, 1922, at the present term. The petitioner in the instant suit did not deny that they knew of the judgment of this court within the time provided by the court rules for filing a motion for rehearing. Moreover, this court has power to correct and set aside any of its judgments on a proper application at any time during the term of the court at which they were rendered. In an injunction suit the petition must negative every reasonable hypothesis from which it might be inferred that the defendant had the right to do the act of which complaint is made. Santa Fé Town-Site Co. v. Norvell (Tex. Civ. App.) 187 S. W. 978; Miller v. Ballinger (Tex. Civ. App.) 204 S. W. 1173; Emde v. Johnson (Tex. Civ. App.) 214 S. W. 575; Graham v. Knight (Tex. Civ. App.) 222 S. W. 326.

We have read the authorites relied on by appellants to sustain their contentions, but do not believe that such authorities do sustain them.

The judgment of the trial court is affirmed.