158 P.2d 289

**TRANSRADIO PRESS, Inc., v. WHITMORE.**

**SAME v. RADIO STATION KGFL, Inc.**

No. 4855.

Supreme Court of New Mexico.

Sept. 23, 1944.

Rehearing Denied May 15, 1945.

112

Frazier & Quantius, of Roswell, for appellants.

E. E. Young, of Roswell, for appellee.

BICKLEY, Justice.

Appellee (plaintiff) sued appellants (defendants) on two contracts in which it is stated that plaintiff "Shall sell and deliver, and Broadcaster shall buy and accept, the privilege of broadcasting" news services to be supplied by plaintiff.

The defendants answered that plaintiff breached its contracts by failure to perform and counterclaimed that he was damaged by such breach. Upon motion of the plaintiff the court directed a verdict in favor of plaintiff and against defendants in each of the actions, which had been consolidated. Defendants filed a motion for new trial which was denied by the court, and judgments in favor of plaintiff followed, from which judgments appeals were taken. Appellants' principal point is that the court erred in directing a verdict for plaintiff and not directing a verdict for defendants. Defendants' principal, if not his sole contention as to breach of contract by plaintiff, was that the contracts provided that the plaintiff was to provide "general national and international spot news." which appellant says means "News that is fresh, hot news, to be of any value; that about all of

the news furnished to Defendants was at least 24 hours old; that some of it had been in the morning papers before it came to the Defendants from Appellee's service." Appellee on the other hand calls attention to paragraph 6 of the contracts which is as follows:

"(6) TP shall be the sole judge of the news value of its dispatches, reserving the right to refuse delivery of any item deemed by it not to be in the public interest, or otherwise unsuitable for broadcast by radio, as a news item."

We find it unnecessary to enter into a consideration of that controversy. The parties assumed that the contracts are New York contracts (Transradio Press Service, Inc., v. Whitmore, 47 N.M. 95, 137 P.2d 309) and are controlled by the laws of that state.

Appellant asserted in the trial court that the State of New York has enacted what is known as the "Uniform Sales Act." He further asserted that under such law "there was no duty upon Defendant to complain to the Plaintiff regarding its breach of contract, and failure to deliver."

As to whether the services contracted for in the case at bar are "goods" and whether the "Uniform Sales Act" applies thereto we do not decide, but since the case was considered by the parties and the trial court on that theory, we will so assume.

Appellant is mistaken in his assertion that under the New York Sales Act there is no duty on the part of the buyer to

complain of failure to deliver in accordance with the terms of the contract. The New York Act (Personal Property Law, §§ 82–158, Consol.Laws N.Y. c. 41) is as follows:

"Sec. 130. Acceptance does not bar action for damages. In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor. L.1911 c. 571. [Eff. Sept. 1, 1911.]"

See also Baldwin's New York Consolidated Laws, Annotated 1938, Art. 5, Sec. 130.

Among the annotations to this section is the following:

"[Henderson Tire & Rubber Co. v. P. K. Wilson & Son], 235 N.Y. 489, 139 N.E. 583 (1923). Where buyer discovers defect in goods delivered to him under contract of sale, seller will not be liable for such defect unless he is notified within reasonable time after discovery of such defect.

"[Henderson Tire & Rubber Co. v. P. K. Wilson & Son], 235 N.Y. 489, 139 N.E. 583 (1923). Where buyer accepts goods which are inferior to contract quality, and defect is such, that he knew or should have known

of it, his claim for damages resulting from such defect cannot be maintained."

Willetson on Sales, 2nd Ed., Sec. 484 et seq., discussing this provision of the Uniform Sales Act and the various holdings of the courts on questions of fact as to acceptance, and the question of satisfactory or sufficient performance, explanations as to circumstances which induced acceptance, waiver, etc., remarks on p. 1271: "The Sales Act for this question of fact substitutes a rule of law."

So, in the case at bar whatever might be said about some of these questions being jury questions, in view of the evidence submitted there is no conflict of evidence on the question of the failure of the defendants to give notice to the plaintiff of any breach of any promise or warranty within a reasonable time after the defendant knew or ought to have known of such breach. In fact, the record shows that the first notice the plaintiff had of any claim by defendants that it had breached its contracts was when the defendant filed its answer and cross complaint for damages. It is clear from the record that it was the view of the trial court that the failure of the defendants to complain as to defective service precluded a consideration of the question as to whether the contracts had in fact been performed in accordance with their terms. See Mitchell v. Jones, 47 N.M. 169, 138 P.2d 522.

Applying the principles of the sales acts as being the law controlling the case, and which the appellant invited us to consider

we find no error in the judgment. It should be therefore affirmed, and,

It is so ordered.

SADLER, C. J., and MABRY, BRICE, and THREET, JJ., concur.