544 P.2d 719

Martin SELGADO and Lorencita W. Selgado, Plaintiffs-Appellees,

v.

COMMERCIAL WAREHOUSE COMPANY and Gary T. Cordes, Defendants-Appellants.

No. 1884.

Court of Appeals of New Mexico.

Dec. 9, 1975.

Rehearing Denied Dec. 22, 1975.

Briggs F. Cheney, Toulouse, Krehbiel & Cheney, P. A., Albuquerque, for defendants-appellants.

Lorenzo A. Chavez, Robert G. Wines, Albuquerque, for plaintiffs-appellees.

## OPINION

SUTIN, Judge.

Defendants appeal an adverse judgment of $71,000 awarded plaintiffs for personal injuries and damages suffered in an automobile accident. We affirm.

Liability was established in *Selgado v. Commercial Warehouse Company,* 86 N.M. 633, 526 P.2d 430 (Ct.App.1974) (*Selgado* # 1). In *Selgado* # 1, the jury awarded plaintiffs the sum of $18,000. Defendants appealed. We reversed on the issue of damages and remanded for a new trial on the question of damages alone.

In the second trial, the jury returned a verdict of $71,000 for personal injuries and damages suffered by plaintiffs.

Defendants appeal on two grounds: (A) The use, or non-use of seat belts, and expert testimony, if any, in relation thereto, is a circumstance which the jury may consider to determine whether the plaintiff exercised due care, not only to avoid injury to herself, but to mitigate any injury she would likely sustain. (B) The trial court erred in refusing to set aside the verdict and grant a new trial, or grant a remittitur.

A. *The non-use of seat belts was properly rejected by the trial court.*

On the issue of non-use of seat belts, defendants divided their first point in two directions: (1) The trial court erred in refusing two of their instructions and in giving one. (2) The trial court erred in ruling inadmissible expert testimony on seat belts and its application to the instant case. We shall unite these two subdivisions into one. We find no error.

The defendants tendered the following instructions which were refused. These instructions were tendered and refused in *Selgado* # 1.

You are instructed that if you find from all the evidence that, if Mrs. Selgado had been wearing a seat belt, and that all or any part of her injuries could have been prevented if she had worn a seat belt, she cannot recover for such injuries so caused and you cannot assess damages against the defendants for all such injuries so caused.

You are further instructed that the plaintiff, Mrs. Selgado cannot recover for any injuries, and damages cannot be granted, for any injuries which she received which could have been prevented by wearing a seat belt.

The defendants objected to the court's failure to give these instructions on the ground that they are applicable in mitigation of damages; that these instructions and evidence to support it were approved in *Selgado* # 1.

In *Selgado* # 1, on the issue of "mitigation of damages", this Court said:

Defendants submitted a requested instruction to the effect that Mrs. Selgado could not recover for any injuries she could have prevented if she had worn her seat belt. The refusal of this requested instruction is asserted as error. There was no testimony, expert or otherwise, which tended to show the extent, if any, to which Mrs. Selgado's injuries would have been mitigated had she been

wearing seat belts. There was testimony to the effect that her injuries resulted from the striking of her head on the windshield. The jury could not have been allowed to speculate that this would not have happened or might have happened with a less severity had she been wearing seat belts. The instruction was properly refused because there was no evidence on which to base the instruction. *Boyd v. Cleveland*, 81 N.M. 732, 472 P.2d 995 (Ct.App.1970). [86 N.M. at 639, 526 P.2d at 436].

*Selgado* # 1 did not reach the validity of the instruction. It refused to consider defendants' instruction for lack of evidence to support it. If there was evidence to support it, this Court would then determine the validity of the instruction. *Selgado* # 1 left open the question: Is the instruction valid if there is evidence to support it? We say "No."

On the second trial, defendants threw these fast ball instructions at the plaintiffs a second time with an offer of evidence to support it. The trial judge called it a "ball", not a "strike". Was he right or wrong? We conclude that he was right.

The only instruction allowed on mitigation of damages for personal injuries is U.J.I. 14.26. It reads as follows:

> In fixing the amount of money which will reasonably and fairly compensate plaintiff, you are to consider that an injured person must exercise ordinary care to minimize or lessen his damages. Damages caused by his failure to exercise such care cannot be recovered.

The trial court gave this instruction. It was adopted because it was based on *Mitchell v. Jones*, 47 N.M. 169, 173, 138 P.2d 522, 524 (1943). See U.J.I. 14.26, Committee Comment. The Court said:

> It is well settled that a party must use reasonable diligence to mitigate the damages about to be suffered either from tort or breach of contract.

■ Under this doctrine, plaintiff cannot recover damages for injuries resulting from consequences after the accident occurred if plaintiff could reasonably have avoided these consequences. This is called the doctrine of "avoidable consequences". *Rutledge v. Johnson*, 81 N.M. 217, 465 P.2d 274 (1970); 22 Am.Jur.2d Damages, § 30, cited as 15 Am.Jur. 420, § 27 "Damages" in *Mitchell*, supra. This doctrine is clearly indicated by U.J.I. 14.26.

■ The trial court instead gave the following instruction:

> You are instructed that any testimony pertaining to the use and non-use of seat belts is to be disregarded and not considered as evidence on any issue submitted to you by these instructions.

By giving this instruction, the court removed from the doctrine of "avoidable consequences", the use or non-use of seat belts. The use of seat belts was pre-accident, not post-accident, and non-use thereof has no bearing on the issue of damages.

Until the Supreme Court modifies the doctrine of "avoidable consequences", we are bound to follow this rule.

Due care in the use or non-use of a seat belt is pre-accident conduct and does not fall within the doctrine of "avoidable consequences". As a result, evidence of non-use of a seat belt is irrelevant on the minimization of damages.

A review of the civil war on this recent innovation in tort law discloses a strong and vibrant majority which follow this rule. *Nash v. Kamrath*, 21 Ariz.App. 530, 521 P.2d 161 (1974); *Carnation Company v. Wong*, 516 S.W.2d 116 (Tex.1974); *Fischer v. Moore*, 183 Colo. 392, 517 P.2d 458 (1973); *Britton v. Doehring*, 286 Ala. 498, 242 So.2d 666 (1970); *Hampton v. State Highway Commission*, 209 Kan. 565, 498 P.2d 236 (1972); *Derheim v. N. Fiorito Co.*, 80 Wash.2d 161, 492 P.2d 1030 (1972); *Miller v. Miller*, 273 N.C. 228, 160 S.E.2d 65 (1968); *Placek v. City of Sterling Heights*, 52 Mich.App. 619, 217 N.W.

2d 900 (1974). See the survey made in *Britton,* supra.

Defendants suggest that we follow the contrary view. It grows out of Prosser, Law of Torts, 4th Ed., § 65, p. 424 (1971). He said:

It is suggested, therefore, that the doctrines of contributory negligence and avoidable consequences are in reality the same, and that the distinction which exists is rather one between damages which are capable of assignment to separate causes, and damages which are not.

Based on *Prosser,* the application of the doctrine of "avoidable consequences" to the seat belt defense was stimulated in *Spier v. Barker,* 35 N.Y.2d 444, 363 N.Y.S.2d 916, 323 N.E.2d 164 (1974). This Court permitted the seat belt mitigation of damages theory upon proof thereof. No consideration was given to existing authority.

For additional cases, see *Josel v. Rossi,* 7 Ill.App.3d 1091, 288 N.E.2d 677 (1972); *Truman v. Vargas,* 275 Cal.App.2d 976, 80 Cal.Rptr. 373 (1969).

These cases are contrary to the "avoidable consequences" theory of mitigation of damages in New Mexico. We can find no authority, statutory or otherwise, which imposes a duty upon the operator of a motor vehicle to fasten a seat belt. The failure to fasten a seat belt at the time of the accident is not a breach of duty which would authorize a mitigation of damages.

In *Fischer v. Moore,* supra, Justice Erickson said:

. . . [T]he common law dictates that the tortfeasor may not rely upon the injured party's failure to utilize a voluntary protective device to escape all or a portion of the damages which the plaintiff incurred as a consequence of the defendant's negligence. [517 P.2d at 459].

■ Neither is there any statutory duty to fasten a seat belt under § 64–20–75, N. M.S.A.1953 (2d Repl.Vol. 9, pt. 2). Here, automobiles commencing with the 1964 models, not older cars, must be equipped with safety belts, but no duty is imposed

upon a driver or passenger to use a safety belt. Plaintiff did not violate a statutory duty. *Hampton,* supra; *Romankewiz v. Black,* 16 Mich.App. 119, 167 N.W.2d 606 (1969); *Miller v. Haynes,* 454 S.W.2d 293 (Mo.App.1970). In Illinois, the statute imposes a duty on the operator only, but not the passenger. *Josel v. Rossi,* supra. In Tennessee, the legislature specifically absolved a person of contributory negligence and disallowed mitigation of damages, for failure to wear the seat belt. *Stallcup v. Taylor,* 463 S.W.2d 416 (Tenn.App.1970).

■ The public policy of a state fixing a statutory duty to fasten a seat belt rests with the legislature.

The trial court properly rejected defendants' requested instructions. It properly instructed the jury to disregard any testimony pertaining to the non-use of the seat belt, and it properly denied defendants' offer of expert testimony on seat belts and its application to the instant case.

B. *The award of damages is affirmed.*

■ On November 15, 1974, defendants filed a motion for a new trial or in the alternative for a remittitur. The motion was set for hearing on November 22, 1974, but the record is silent thereafter until the entry of a final judgment on November 27, 1974. Defendants filed a notice of appeal on December 13, 1974. The trial court did not dispose of the motion. See *National American Life Insurance Co. v. Baxter,* 73 N.M. 94, 385 P.2d 956 (1963). By serving the notice of appeal, the defendants abandoned the motion by depriving the trial court of jurisdiction. *State v. White,* 71 N.M. 342, 378 P.2d 379 (1962). This amounts to an election to waive the motion and proceed with the appeal as though the motion had not been made. *Owen v. Terrell,* 21 N.M. 647, 157 P. 672 (1916); *Martin v. District Court of Comanche County,* 460 P.2d 898 (Okl.1969); *Brandes v. Illinois Protestant Children's Home, Inc.,* 33 Ill.App.2d 319, 179 N.E.2d 425 (1962).

■ Defendants now claim error because the trial court "refused" to grant the

relief sought by their motion. No refusal appears of record. This claim of error is not subject to review.

■ On the issue of damages, we have held that ". . . wide latitude is allowed for the exercise of the judgment of the jury in fixing the amount of such an award. An appellate court should not hold an award of damages to be excessive except in extreme cases." *Baca v. Baca,* 81 N.M. 734, 741, 472 P.2d 997, 1004 (Ct. App.1970).

This is not an extreme case. Where the same results occurred on a retrial for damages, see *Arnold v. Loose,* 352 F.2d 959 (3d Cir. 1965).

Affirmed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.