557 P.2d 1111

William D. HUFF, Jr., and Lillian Estelle Huff, Plaintiffs-Appellees,

v.

Charles McCLANNAHAN and Mrs. Charles McClannahan, Defendants-Appellants.

No. 2475.

Court of Appeals of New Mexico.

Dec. 7, 1976.

Certiorari Denied Dec. 23, 1976.

Harry O. Morris, Albuquerque, for appellants.

Perry S. Key, Albuquerque, for appellees.

## OPINION

WOOD, Chief Judge.

■ Plaintiffs own an easement across defendants' land. The easement "shall be used primarily for a roadway by both the dominant estate . . . and the servient estate . . . . " The trial court found that the roadway granted had been used pursuant to the grant, from the date of the grant. Substantial evidence supports the finding. There is no issue as to the size or location of the easement. The appeal involves the right of defendants, the servient estate owners, to install gates across this right-of-way.

Plaintiffs acquired the easement or right-of-way in 1953. Defendants acquired their land, subject to plaintiffs' right-of-way in 1963 and 1964. About 1973 defendants installed the gates but left them open. The open gates, and signs, failed to prevent unauthorized use of this roadway by third persons. In 1974, defendants closed the gates and demanded that plaintiffs, in using the roadway, keep the gates closed.

Plaintiffs sued alleging wrongful interference with their use of the right-of-way. Defendants counterclaimed alleging that installation of the gates was justified and that the gates should be kept locked. The judgment enjoins defendants from maintaining, constructing or allowing gates across the right-of-way; ordered the gates removed at defendants' expense; and ordered that "plaintiffs shall have open and unobstructed use of the . . . right-of-way for a roadway." The counterclaim was dismissed. Defendants appeal.

*Dyer v. Compere,* 41 N.M. 716, 73 P.2d 1356 (1937) states:

"The rights of one holding an easement in the land of another are measured by the nature and purpose of the easement; and, so far as consistent therewith, the owner of the fee may make any reasonable use desired of the land in which the easement exists."

How does this rule apply to gates across a right-of-way?

Annot., 52 A.L.R.3d 9 (1973) states at page 15:

". . . [T]he general rule is that the grant of a way without reservation of the right to maintain gates does not necessarily preclude the servient estate owner from having such gates, and unless it is expressly stipulated in the grant that the way shall be an open one, or unless a prohibition of gates is implied from the circumstances, the servient owner may maintain a gate across the way if necessary for the use of the servient estate and if the gate does not unreasonably interfere with the right of passage."

■ Relying on the above quotation, defendants assert the trial court erred in concluding that the easement grant prohibited placing of gates across the right-of-way. The trial court reached no such conclusion. The trial court concluded that the easement grant, when considered with conditions "surrounding the grant and use of the way," makes it unlawful to obstruct the right-of-way with gates or other obstructions. We need not consider this conclusion further, nor need we consider defendants' argument that certain findings should be treated as conclusions. We limit our consideration to findings which justify the judgment. *Watson Land Company v. Lucero,* 85 N.M. 776, 517 P.2d 1302 (1974).

■ Whether the gates unreasonably interfered with plaintiffs' right of passage was a question of fact. *Kennedy v. Bond*, 80 N.M. 734, 460 P.2d 809 (1969). In *Dyer v. Compere*, supra, the right-of-way provided for a road "'left open'". The right-of-way in *Dyer* "has always had a gate", but the gate had never been used to obstruct the dominant estate's use of the right-of-way. With these facts, *Dyer* states: "The trial court correctly held that the right of way was 'left open' within the intended meaning of such words in the reservations creating the easement."

■■ The trial court in this case found the gates prevented proper and reasonable use of the easement granted, and the placing of the gates in the right-of-way was unreasonable. Substantial evidence supports these findings. These findings support the conclusion, and the judgment, that maintenance of the gates be enjoined and that defendants remove the gates at their own expense. With this result, we do not reach defendants' contention that it was error to dismiss the counterclaim and fail to determine defendants' right to lock the gates in the future.

■ The trial court's judgment was entered March 19, 1976. On application of defendants, after a hearing, this Court, on March 26, 1976, stayed the judgment, on conditions stated, "pending final determination of the cause." There was a delay in preparation of the transcript which was not filed in this Court until September 15, 1976. With this delay, briefing was not completed until November 22, 1976. In light of the delay, which is not attributable to plaintiffs, the stay ordered by this Court should be vacated forthwith.

Oral argument is unnecessary. The judgment is affirmed. The order of this Court staying the trial court's judgment is vacated the date this opinion is filed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.