597 P.2d 1190

**C & H CONSTRUCTION & PAVING CO., INC., and Founders Investment, Ltd., Plaintiffs-Appellants,**

v.

**CITIZENS BANK, a State Banking Corporation, Clarke Harvey, James Arrott and E. M. Wilson, Defendants-Appellees.**

**No. 3410.**

Court of Appeals of New Mexico.

June 19, 1979.

Joseph Goldberg, David A. Freedman, Freedman, Boyd & Daniels, Albuquerque, for plaintiffs-appellants.

Russell Moore, Robert Clark, Keleher & McLeod, Frank H. Allen, Jr., Modrall, Sperling, Roehl, Harris & Sisk, Stephen Durkovich, John P. Viebranz, Nordhaus, Moses & Dunn, Albuquerque, for defendants-appellees.

## OPINION

LOPEZ, Judge.

This suit was brought by plaintiffs-appellants in the District Court of Bernalillo

County to recover damages resulting from the alleged wrongful acts of defendants-appellees. The trial court granted appellees' motions for summary judgment and denied appellants' motion for partial summary judgment. Appellants appeal from the court's entry of summary judgments in favor of appellees and from its denial of appellants' motion for partial summary judgment. We reverse the court's order granting appellees' summary judgment motions, affirm its order denying appellants' motion for partial summary judgment and remand.

## I. FACTS

On December 20, 1972, appellant C & H Construction & Paving Co., Inc. (hereinafter referred to as C & H Construction), requested a $125,000 line of credit from appellee, Citizens Bank. The granting of the loan was conditioned upon C & H Construction's giving the bank a security interest in its accounts receivable. C & H Construction refused to give such an interest and, consequently, Citizens Bank denied the loan application. On December 28, 1972, C. R. Davis, acting on behalf of C & H Construction, executed a $50,000 promissory note to the bank. In order to secure this loan, Davis, again acting on behalf of C & H Construction, entered into a security agreement giving Citizens Bank a security interest in the accounts receivable of C & H Construction. The loan was paid on January 10, 1973. Appellees, E. M. Wilson and James Arrott (hereinafter referred to as Wilson and Arrott respectively), allegedly represented to Davis that the agreement would apply only to the December 28 loan and not to any previous loans given to C & H Construction by the bank. They also allegedly represented that the agreement would not be filed.

On January 2, 1973, Citizens Bank filed the financing statement accompanying the December 28 security agreement. Sometime in the middle of January, 1973, Arrott informed C. R. Davis of the filing. He further informed Davis that the bank con-

sidered the agreement to apply to all the indebtedness owed to it by C & H Construction. Davis conveyed this information to Wilson who refused to take any action. On August 28, 1973, C & H Construction executed a promissory note to the bank in the sum of $50,000. The note was marked unsecured and was both a renewal and combination of previous notes owed to the bank. C & H Construction failed to pay the note when it became due.

On January 11, 1974, Citizens Bank filed in the District Court of Bernalillo County a complaint against C & H Construction, C. R. Davis, Alice J. Davis, Paul D. Wood and Wanda Wood based upon the defaulted note, the December 28 security agreement and guaranties executed by the Davises and Woods. Additionally, on the same date, the bank filed a motion against C & H Construction for an order to show cause why a receiver should not be appointed to collect C & H Construction's accounts receivable and to show cause why C & H Construction should not submit a list of these accounts to the bank or a receiver appointed by the court. A motion for a temporary restraining order was filed by the bank on January 23, 1974, and, on that date, the court granted the motion and ordered C & H Construction and C. R. Davis to refrain from disposing or using any of C & H Construction's accounts receivable. On February 1, 1974, a hearing was held to show cause why the temporary restraining order previously entered should not be continued as a preliminary injunction pending final determination on the merits. A preliminary injunction was granted on that date and the court permitted Fidelity National Bank to file a complaint in intervention naming James C. Davis as a third party defendant. Approximately six days later, the court entered an order appointing a receiver and directing the defendants to turn over a list of accounts receivable. Subsequently, James Davis filed a cross-claim and then an amended cross-claim against Citizens Bank. In response, the bank filed answers pleading estoppel, waiver and laches as affirma-

tive defenses. C. R. and Alice Davis also filed a counterclaim against the bank. In its pretrial order, the court made the following determinations: (1) C. R., Alice and James Davis all allege that Citizens Bank has proceeded negligently, fraudulently and maliciously in the action and has wrongfully obtained a court order placing the accounts receivable of C & H Construction in receivership and (2) the bank raises *inter alia* the defenses of laches and estoppel.

At trial, the jury was instructed on the Davises' claim that Citizens Bank through Arrott committed fraud by inducing C. R. Davis to sign the December 28 security agreement. The defenses of estoppel and waiver raised by the bank to the claims of the Davises were also submitted to the jury by instruction. As grounds for these defenses, the bank asserted that the Davises did not oppose or object to the appointment of the receiver. The jury was further instructed to return a verdict for the Davises if they determined that the Davises had proved their claims and Citizens Bank had not proved any of its defenses. The jury found for the Davises and judgments were accordingly entered on the counterclaim of C. R. Davis and Alice Davis and the cross-claim of James Davis.

Citizens Bank appealed these judgments to this Court. *See Citizens Bank v. C & H Const. & Paving Co., Inc.*, 89 N.M. 360, 552 P.2d 796 (Ct.App.), *cert. denied*, 90 N.M. 7, 558 P.2d 619 (1976) (the litigation resulting in this appeal is hereinafter referred to as Citizens I). This Court, per Sutin, J., affirmed the judgments and held *inter alia* that (1) the Davises' claim of fraud, both actual and constructive, was properly at issue and (2) waiver and judicial estoppel did not apply to the Davises. In order to establish that these principles were applicable, the bank argued in part that the preliminary injunction and order appointing the receiver established conclusively that the Davises had consented to the receivership and that they were thereby barred from asserting an inconsistent position later

in the same action. This Court disagreed with that argument and found no consent or inconsistent position taken by the Davises.

On October 13, 1976, C & H Construction and appellant, Founders Investments, Ltd. (hereinafter referred to as Founders), filed a second amended complaint naming Citizens Bank, Wilson, Arrott and appellee, Clarke Harvey (hereinafter referred to as Harvey), as defendants. Wilson, Arrott and Harvey were sued individually and in their capacities as director and officers of the bank. Subsequently, the bank filed a motion to strike counts I, II, and III of the second amended complaint on the basis of a prior court order. This order found that the claims of C & H Construction against the bank were compulsory counterclaims which should have been asserted in Citizens I. The bank's motion to strike was granted. As a result of the granting of this motion, the only claims remaining in the suit were the claim of Founders against all defendants and the claims of C & H Construction against the individual defendants, Wilson, Arrott and Harvey. Citizens Bank, Wilson, Arrott and Harvey each moved individually for summary judgment. A separate hearing was held on Wilson's motion against C & H Construction and Founders. The bank's motion against Founders and Arrott's and Harvey's motions against C & H Construction and Founders were argued at the same hearing. At that hearing, appellants' summary judgment motion against the bank and Harvey was also argued. This appeal is from the orders entered on each of these motions. The issues for decision are (1) whether the court properly granted appellees' motions and (2) whether the court properly denied appellants' motion. We shall first discuss Wilson's motion and then the remaining motions.

## II. *Wilson's Motion*

Summary judgment is a drastic remedy to be used with great caution. *Pharmaseal Laboratories, Inc. v. Goffe*, 90

N.M. 753, 568 P.2d 589 (1977); *Zengerle v. Commonwealth Insurance Co. of N. Y.*, 60 N.M. 379, 291 P.2d 1099 (1956). In deciding whether summary judgment is proper, an appellate court must view the matters presented in the light most favorable to support the right to trial on the issues. *Gonzales v. Gackle Drilling Company*, 70 N.M. 131, 371 P.2d 605 (1962); *Read v. Western Farm Bur. Mut. Ins. Co.*, 90 N.M. 369, 563 P.2d 1162 (Ct.App.1977). In addition, a reviewing court must look to the whole record and take note of any evidence which puts a material fact in issue. *Pharmaseal Laboratories, Inc. v. Goffe, supra*. Furthermore, we are not bound by those grounds purportedly used by the trial court as the basis for the granting of summary judgment. *Garrett v. Nissen Corporation*, 84 N.M. 16, 498 P.2d 1359 (1972).

The burden rests on the party moving for summary judgment to establish that no genuine issue of material fact exists for trial and that the movant is entitled to judgment as a matter of law. If the movant fails to meet this burden, summary judgment is erroneous. N.M.R.Civ.P. 56(c), N.M.S.A.1978; *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). Once this burden is satisfied, the non-moving party has the obligation of showing that there is a genuine, material factual issue requiring trial and that the movant is not entitled as a matter of law to summary judgment. *Goodman v. Brock, supra*. In determining whether this obligation has been fulfilled, all reasonable inferences will be construed in favor of the non-moving party. *Smith v. Klebanoff*, 84 N.M. 50, 499 P.2d 368 (Ct. App.), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972).

In response to the allegations contained in appellants' second amended complaint and in support of his motion, Wilson submitted an affidavit stating that (1) he knew nothing of C & H Construction's prior refusal to give Citizens Bank a security interest in its accounts receivable; (2) prior to the signing of the December 28 security agreement, he never had any conversation with Arrott or any other employee of the bank concerning the need to obtain such an agreement; (3) he did not know any of the arrangements allegedly made for securing the December 28 loan until C. R. Davis informed him of them a month or so later; at that time, Davis also informed him of the bank's intention to apply the December 28 security agreement to previous loans given to C & H Construction by the bank; (4) for various reasons, he did not act upon this information; (5) he was not a director of the bank when it filed suit against C & H Construction or when it asked for and obtained the appointment of a receiver; and (6) he had no knowledge of the decision to request the appointment of a receiver. In opposition to Wilson's motion, appellants submitted the affidavit of C. R. Davis. On appeal, Wilson claims that his affidavit establishes that no genuine issue of material fact exists with respect to all counts contained in appellants' second amended complaint. We will examine each count in the order they appear.

### A. Counts I and II

Both these counts allege in part that Wilson wrongfully and without proper authority had the accounts receivable of C & H Construction placed in receivership. C. R. Davis' affidavit does not controvert Wilson's claim that he had no knowledge of the decision to request the appointment of a receiver. Because it is uncontroverted that he did not participate in the appointment of a receiver, Wilson argues that he did not have C & H Construction's accounts receivable placed in receivership. Accordingly, Wilson concludes that summary judgment was properly granted with respect to these counts.

Although we agree that Wilson's affidavit establishes the absence of any factual issue concerning his participation in the receivership proceedings, we do not overlook the fact that, as part of his burden,

Wilson must establish that he is entitled to judgment as a matter of law. *See* N.M.R. Civ.P. 56(c); *Goodman v. Brock, supra.* Counts I and II are based upon a general claim of wrongful action. Accordingly, to be entitled to judgment as a matter of law, Wilson must establish that he owed no duty to C & H Construction or that, if he did owe such a duty, his conduct did not constitute a breach of this duty. It is well settled that a director of a corporation has a duty to act to prevent injuries to third parties where he has knowledge, amounting to acquiescence, of the corporation wrongful acts. *Taylor v. Alston,* 79 N.M. 643, 447 P.2d 523 (1968); *see Lobato v. Pay Less Drug Stores,* 261 F.2d 406 (10th Cir. 1958); *Klockner v. Keser,* 29 Colo.App. 476, 488 P.2d 1135 (1971); *see also Hagemeyer Chemical Co. v. Insect-O-Lite Co.,* 291 F.2d 696 (6th Cir. 1961). Wilson's affidavit states that (1) C. R. Davis informed him of the arrangements allegedly made for securing the December 28 loan and the bank's intention to apply the December 28 security agreement to other indebtedness of C & H Construction and (2) for various reasons, Wilson did not act upon this information. Therefore, for Wilson to be entitled to summary judgment as a matter of law, Wilson had the burden of a prima facie showing that he did not acquiesce in the wrongful use by others of the security agreement. Wilson did not meet this burden. Thus we hold that the trial court erred in granting summary judgment as to Counts I and II.

In so holding, we note that the court stated that Wilson could not be held liable for his failure to act on the information given to him by Davis. In light of the above legal principle, we rule that this statement is erroneous. We also note that Wilson argues failure on the part of C & H Construction to plead the existence of a duty to act. This argument has no merit. Counts I and II specifically alleged (1) ". . . Wilson *wrongfully* and without proper authority had the accounts receivable of Citizens Bank [sic] attached and placed into receivership . . . ." and; (2) "As a direct and proximate result of the *wrongful* action of . . . Wilson, C & H Construction . . . . has been damaged . . . ." (Emphasis added.) Generally, in New Mexico, pleadings are to be liberally construed. *See Biebelle v. Norero,* 85 N.M. 182, 510 P.2d 506 (1973); *Hambaugh v. Peoples,* 75 N.M. 144, 401 P.2d 777 (1965). Guided by this principle, we rule that the above allegations are sufficient to plead not only the existence of a duty to act but also its breach.

### B. Count III

In this count, C & H Construction alleges in part that Wilson, with knowledge of its prior refusal to give the bank a security interest in its accounts receivable, conspired with Arrott and Harvey to obtain a security agreement from it. It is also alleged that in obtaining this security agreement, Wilson fraudulently represented that it would be used only to secure the December 28 loan and that it would not be filed. As a result of the security agreement obtained through Wilson's fraudulent misrepresentations, C & H Construction further alleges that it was damaged.

From the record, it appears that the court determined, as a matter of law, the sole proximate cause of appellants' damages to be the appointment of a receiver. The court specifically stated that the transactions surrounding the procurement of the security agreement were not the cause of any damage. In making this statement, the court necessarily found that any fraudulent representations allegedly made by Wilson did not cause C & H Construction to be damaged. Wilson argues that summary judgment was properly granted because his affidavit establishes that no issue of material fact exists with respect to his participation in any of the acts that allegedly damaged C & H Construction or Founders. In making this argument, Wilson impliedly contends that the court was correct in its determination of causation. Appellants

claim that causation is a question of fact. In making this claim, appellants argue that the court erred in determining causation as a matter of law. Implicit in this argument is the contention that Wilson's affidavit fails to satisfy his burden as to count III. This contention is correct.

 With respect to causation, appellants' theory is that the following acts contributed to causing their damages: (1) the fraudulent procurement of the security agreement, (2) Wilson's failure to act on his knowledge of the fraud and (3) the bank's seeking the appointment of a receiver based upon this fraudulently procured security agreement. It is well settled in New Mexico that the proximate cause of an injury need not be the last act or nearest act to the injury but may be one which actually aided, as a direct and existing cause, in producing the injury. *Ortega v. Texas-New Mexico Railway Company,* 70 N.M. 58, 370 P.2d 201 (1962); *Galvan v. City of Albuquerque,* 85 N.M. 42, 508 P.2d 1339 (Ct.App. 1973); *Kelly v. Montoya,* 81 N.M. 591, 470 P.2d 563 (Ct.App.1970). After reading the record, we rule that reasonable minds could differ on the issue of whether the fraudulent procurement of the security agreement or Wilson's failure to act actually aided in producing appellants' damages. Where such a difference exists, proximate cause is a question of fact. *Galvan v. Albuquerque, supra; see also Binns v. Schoenbrun,* 81 N.M 489, 468 P.2d 890 (Ct.App.1970); *Harless v. Ewing,* 80 N.M. 149, 452 P.2d 483 (Ct.App.1969). Therefore, we hold that the court erred in determining causation as a matter of law and in granting Wilson's motion for summary judgment with respect to count III.

### C. Count IV

This count alleges in part that Wilson, while acting in his capacity as chairman of the board of directors of Citizens Bank, actively participated with full knowledge in the conspiracy to obtain a security agree-ment by fraudulent misrepresentation and that this conduct was intentional and malicious. Wilson argues that because summary judgment was properly granted as to count III, summary judgment was proper as to count IV since the only difference between the counts is that the latter alleges even less involvement on Wilson's part than does count III. In light of our holding that summary judgment was erroneously granted as to count III, this argument has little force. However, because our task as a reviewing court is to look at the whole record and take note of any evidence which puts a material fact in issue (*Pharmaseal Laboratories, Inc. v. Goffe, supra*), we examine count IV to determine whether there exists any factual issue concerning the involvement of Wilson alleged in this count.

Wilson's affidavit states that he had no knowledge of C & H Construction's prior refusal to give the bank a security interest in its accounts receivable and that he never had any conversation with Arrott or any other employee of the bank concerning the need to obtain such an agreement. Davis's affidavit does not contradict these statements. We assume that Wilson's affidavit contains these statements in order to establish the lack of any issue concerning his involvement in a conspiracy, i. e. in any antecedent agreement with Arrott and Harvey to commit an unlawful act. *See Armijo v. National Surety Corp.,* 58 N.M. 166, 268 P. 339 (1954); *Las Luminarias of the New Mexico Council of the Blind v. Isengard,* 92 N.M. 297, 587 P.2d 444 (1979). However, we conclude that these statements fail to show that Wilson was not involved in a conspiracy.

 This conclusion is based upon those principles for establishing a conspiracy stated by this Court in *Morris v. Dodge Country, Inc.,* 85 N.M. 491, 513 P.2d 1273 (Ct. App.), *cert. denied,* 85 N.M. 483, 513 P.2d 1265 (1973):

For a conspiracy to exist there must be a common design or a mutually implied understanding; an agreement. (Cites

omitted.) A conspiracy may be established by circumstantial evidence; generally, the agreement is a matter of inference from the facts and circumstances, including the acts of the persons alleged to be conspirators. (Cite omitted.) *The question is whether the circumstances, considered as a whole, show that the parties united to accomplish the fraudulent scheme.* (Cite omitted.) . . . (Emphasis added.)

*Id.* at 492, 513 P.2d at 1274. The affidavit of C. R. Davis states that Wilson confirmed that the December 28 security agreement would not be filed and that it was clear to Davis, Wilson and Arrott that the agreement would apply only to the December 28 loan. Davis's deposition also states that there was a specific agreement by Davis, Wilson and Arrott that the security agreement would not be recorded. When these statements are considered with the statements contained in Wilson's affidavit, we cannot conclude that the circumstances as a whole establish the absence of any involvement by Wilson in a conspiracy. Therefore, we hold that a genuine issue of material facts exists concerning Wilson's involvement and that the trial court erred in granting Wilson's summary judgment motion as to count IV.

### D. Count V

In this count, Founders alleges in part that Wilson owed it a duty not to participate in conduct to its detriment and that, as a direct and proximate result of Wilson's wrongful acts, C & H Construction was put out of business and, as a direct and proximate result of C & H Construction's being put out of business, Founders was uniquely and personally damaged. It is further alleged that Founders executed a continuing guarantee on the obligations of C & H Construction and, as a result of Wilson's wrongful acts, it has been called upon to pay a certain sum of money. Relying upon the court's determination that the appointment of a receiver was the sole cause of damage to C & H Construction, Wilson ar-

gues that his summary judgment motion was properly granted as to this count since Founders's claim of damages is derived strictly from the damages of C & H Construction. According to Wilson, the fact that he did not participate in the appointment of a receiver and thereby did not cause any damage to C & H Construction precludes any claim of damage by Founders against him. In light of our foregoing rulings, this argument is without merit.

Wilson's argument is based upon the assumption that the court's determination of proximate cause as a matter of law was correct. We have already held that the court erred in determining causation as a matter of law. This holding was based upon our ruling that reasonable minds could differ on the issue of whether the fraudulent procurement of the security agreement or Wilson's failure to act actually aided in producing C & H Construction's damages. Therefore, Wilson's reliance upon this assumption is misplaced. Additionally, in moving for summary judgment, Wilson failed to establish that he owed no duty to Founders or that, if he did owe such a duty, his conduct did not breach this duty. Thus he failed to carry his burden of showing that he is entitled to summary judgment as a matter of law. Accordingly, we hold that the court erred in granting Wilson's motion with respect to count V.

### III. Citizens Bank's, Arrott's and Harvey's Motions

Citizens Bank moved for summary judgment based on the doctrines of res judicata, collateral estoppel, waiver, estoppel, laches, ratification, avoidable consequences and judicial immunity. Harvey's written motion, with the exception of avoidable consequences, is based on these same doctrines. Arrott's written motion is not based on any specific legal doctrine. At the hearing on these motions, all three appellees joined in the motion concerning res judicata and the equitable defenses. From the record, it ap-

pears that the trial court granted the motions based on the doctrines of res judicata, collateral estoppel, waiver, estoppel, laches, ratification, avoidable consequences and judicial immunity. We will first examine the doctrines of res judicata and collateral estoppel together and then the remaining asserted doctrines.

### a. Res judicata and collateral estoppel

In *City of Santa Fe v. Velarde,* 90 N.M. 444, 564 P.2d 1326 (1977), our Supreme Court stated the difference between res judicata and collateral estoppel:

> The doctrines of res judicata and collateral estoppel by judgment involve different and distinct principles. Res judicata in its proper application operates where there are identical parties, causes of action, subject matter, and capacities in the two cases; collateral estoppel by judgment arises where the causes of action are different but some ultimate facts or issues may necessarily have been decided in the previous case. Stated another way, where the causes of action in the cases are identical in all respects, the first judgment is a conclusive bar upon the parties and their privies as to every issue which either was or properly could have been litigated in the previous case. But absent the identity of causes of action, the parties are precluded from relitigating only those ultimate issues and facts shown to have been actually and necessarily determined in the previous litigation. (Cites omitted.)

*Id.* at 445–46, 564 P.2d at 1327–28; *see also Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); Note, Developments in the Law— Res Judicata, 65 Harv.L.Rev. 818 (1952). Under the doctrine of collateral estoppel, those in privity with the parties are also precluded from relitigating issues and facts. which were actually and necessarily determined in the previous litigation. *Meeker v. Walker,* 80 N.M. 280, 454 P.2d 762 (1969); 1B Moore's Federal Practice ¶ 0.441[2] at 3777, ¶ 0.441[3] (2d ed. 1974); 50 C.J.S. Judgments § 712 at 168–173 (1947).

From the record, it appears that Citizens Bank, relying upon the above doctrines, argued at the motions hearing that Founders did not have any claim against it. Apparently this argument was based on the assertions that;

(1) Since Founders through its president C. R. Davis and its director James Davis, knew of and participated in the proceedings to appoint a receiver in Citizens I and could have litigated its claim then, it is now barred in the present suit from asserting this claim against the bank; and

(2) Since a receiver was appointed in Citizens I, Founders's claim was actually and necessarily determined against the defendants in these proceedings to appoint a receiver. We hold that the court erred in granting the bank's motion based upon this argument.

It is undisputed that Founders was not a party to the Citizens I litigation. Therefore, in order for Citizens Bank to take advantage of the doctrines of res judicata and collateral estoppel, it must establish that Founders is in privity with the Davises or C & H Construction. The record of the motions hearing indicates that counsel for Harvey and for appellants asserted that Founders was in privity with C & H Construction. The bank did not join in this assertion and the record does not contain a stipulation concerning the issue of privity. However, no party disputed Founders's privity before the trial court. We assume at this point that Founders was in privity either with C & H Construction or C. R. Davis. The assertions supporting the bank's res judicata and collateral estoppel claims are based upon the receivership proceedings in Citizens I. It is well established that the doctrines of res judicata and collateral estoppel apply only to final judgments. *Eastern Air Lines v. Trans Caribbean Airways,* 29 A.D.2d 379, 288 N.Y.S.2d 317 (App. Div.1968); *Carroll v. Bunt,* 50 N.M. 127, 172

P.2d 116 (1946); *see Chronister v. State Farm Mutual Automobile Ins. Co.,* 67 N.M. 170, 353 P.2d 1059 (1960); *Albright v. Albright,* 21 N.M. 606, 157 P. 662 (1916). An order appointing a receiver is not a final judgment. *Lloyds of Texas v. Bobbitt,* 55 S.W.2d 803 (Com.App.Tex.1932); *Atchison, T. & S. Ry. Co. v. Osborn,* 148 F. 606 (8th Cir. 1906); *Isaac v. Milton Mfg. Co.,* 33 F.Supp. 732 (D.C.Pa.1940); 75 C.J.S. *Receivers* § 5 (1952). Therefore, no res judicata or collateral estoppel claim can be based upon the receivership proceedings in Citizens I. Accordingly, we hold that the court erred in granting the motion of Citizens Bank based upon these claims.

We assume, but do not decide, that Harvey and Arrott also sought summary judgment on the basis of res judicata and collateral estoppel. Their claims are also based on the receivership proceedings in Citizens I. Since both doctrines apply only to final judgments, we hold that the trial court erred in granting summary judgment in favor of Harvey and Arrott based upon these defenses. Accordingly, we need not discuss establishing Harvey's and Arrott's privity with Citizens Bank which is a prerequisite to the assertion of these defenses.

*B. Waiver*

Citizens Bank argues that Founders, through its agents C. R. Davis and James Davis, has waived any cause of action it may have against the bank. This argument is based upon the Davises' failure, despite their knowledge of the bank's claim in C & H Construction's accounts receivable, to undertake any legal action between January 1973 and May 1976 to cancel the December 28 security agreement, to challenge the recording of the accompanying financing statement or to file a declaratory judgment. In addition, the bank contends that the existence of a waiver may be shown by the Davises' acquiescence in the appointment of a receiver in Citizens I and by their assisting the receiver after his appointment. Arrott argues that C & H

Construction and Founders, through their agent C. R. Davis, have also waived any claim they may have against him. As evidence of this waiver, Arrott points to the repeated renewal and eventual combination by C & H Construction of notes held by Citizens Bank, partial releases from the December 28 security agreement of accounts receivable obtained by C & H Construction and the absence of protest during the receivership proceedings in Citizens I. Arrott contends that this conduct plus a January, 1973 signing of a continuing guaranty by C. R. Davis and the failure to request a termination of the security agreement amount to an intentional relinquishment of appellants' claims. Harvey joins in these arguments and asserts that the above conduct constitutes a waiver of any claim C & H Construction and Founders may have against him. All three appellees argue that these acts establish the absence of any genuine issue of material fact concerning the existence of a waiver by appellants of their various claims. Appellants contend that there are material questions of fact concerning this conduct and the existence of an intent to relinquish any rights. We agree.

Our Supreme Court in *Cooper v. Albuquerque City Commission,* 85 N.M. 786, 518 P.2d 275 (1974) stated "that a waiver is the *intentional* relinquishment or abandonment of a known right, and . . . the act of waiver may be evidenced by conduct as well as by express words." (Emphasis added.) *Id.* at 790, 518 P.2d at 279; *accord, Ed Black's Chevrolet Center, Inc. v. Melichar,* 81 N.M. 602, 471 P.2d 172 (1970); *Clovis National Bank v. Thomas,* 77 N.M. 554, 425 P.2d 726 (1967). The intention to waive a right is ordinarily a question of fact. *Reinhart v. Rauscher Pierce Securities Corp.,* 83 N.M. 194, 490 P.2d 240 (Ct.App.1971). The record indicates that (1) C & H Construction and Citizens Bank were engaged in a series of financial transactions, (2) C & H Construction was financially dependent upon the continuing nature of these transactions and amicable relations with the bank, (3) the relationship between the bank

and C. R. Davis was a close and ongoing one, (4) the notes which were renewed and combined were marked unsecured and the bank did not demand a security interest or collateral as a condition of renewal, (5) in his deposition in the present case, C. R. Davis stated that he did protest the appointment of a receiver at the February 1, 1974 hearing and (6) early in the Citizens I receivership proceedings, Fidelity National Bank claimed an interest in C & H Construction's accounts receivable which later proved to be valid. Judged in the light of these facts, we rule that the conduct cited by the bank, Arrott and Harvey does not establish the absence of any factual issue concerning the existence of a waiver by appellants and that these facts raise genuine issues concerning appellants intention to relinquish any of their rights originating from the December 28 loan transaction and subsequent events. Accordingly, we hold that the court erred in granting the bank's, Arrott's and Harvey's motions based upon waiver.

■ In so holding, we remind appellees that it is not proper for either the trial court or appellate court to weigh the evidence in determining whether summary judgment should be granted. *Fresquez v. Southwestern Ind. Con. & Riggers, Inc.,* 89 N.M. 525, 554 P.2d 986 (Ct.App.), *cert. denied,* 90 N.M. 8, 558 P.2d 620 (1976); *Huerta v. New Jersey Zinc Company,* 84 N.M. 713, 507 P.2d 460, *cert. denied,* 84 N.M. 696, 507 P.2d 443 (1973). In order to find a waiver in the present case, we can only conclude that such an improper weighing of evidence must be undertaken. This we refuse to do. We also note that both Arrott and Harvey cite cases which generally stand for the proposition that once one discovers a fraud, he must act upon that discovery and in no way affirm the contract or he will be deemed to have waived any claim for damages resulting from the fraud. *See United Forest Products v. Baxter,* 452 F.2d 11 (8th Cir. 1971); *Phillips Petroleum Co. v. Rau Const. Co.,* 130 F.2d 499 (8th Cir. 1942);

*United States v. Idlewild Pharmacy, Inc.,* 308 F.Supp. 19 (D.C.Va.1969). We have read these cases and conclude that they are not controlling at this stage of the proceedings. Given the facts of the present case, we cannot hold that appellants' actions constituted an affirmation of the December 28 security agreement or that appellants received substantial concessions with respect to that transaction. These are questions of fact which must be decided by the factfinder. Finally, we note that Citizens Bank cites cases in support of its position that Founders, by acquiescing in the appointment of a receiver, has waived any claim that the appointment was defective. *See Brown v. Lake Superior Iron Co.,* 134 U.S. 530, 10 S.Ct. 604, 33 L.Ed. 1021 (1890); *Rudd v. Crown International,* 26 Utah 2d 263, 488 P.2d 298 (1971). These cases involve the protesting of the appointment of a receiver based on a "technical objection" or the attempt to vacate such an appointment. They, therefore, are inapplicable to the conduct which is asserted to amount to a waiver of appellants' damage claims.

### C. Estoppel

Citizens Bank contends that Founders is estopped from asserting any cause of action it may have against the bank. As support for this contention, the bank points to those same facts upon which it claims a waiver by Founders. Arrott and Harvey also relied upon estoppel in moving for summary judgment against C & H Construction and Founders. However, they did not argue this doctrine at the motions hearing nor do they argue it in their briefs. However, because they joined in the motion concerning equitable defenses, we assume that their argument is similar to the bank's.

■ In New Mexico, estoppel "is the preclusion, by acts or conduct, from asserting a right which might otherwise have existed, to the detriment and prejudice of another, who, in reliance on such acts and conduct, has acted thereon." *Reinhart v.*

*Rauscher Pierce Securities Corp., supra* 83 N.M. at 198, 490 P.2d at 244; *accord, Chambers v. Bessent,* 17 N.M. 487, 134 P. 237 (1913). It is apparent from this definition that, in order to establish estoppel, detriment, prejudice and reliance must be shown by the party asserting the defense. The record is devoid of any such showing. Therefore, we hold that the bank, Arrott and Harvey failed to carry their burden and that the court erred in granting their summary judgment motions based upon estoppel. *See Reinhart v. Rauscher Pierce Securities Corp., supra.* In arriving at this holding, we are aware that Harvey, in arguing the defense of laches, asserted the existence of injury or prejudice. However, it is settled that mere assertions made by a movant seeking summary judgment are meaningless unless supported by affidavits pursuant to N.M.R.Civ.P. 56(e), N.M.S.A.1978, or by other admissible evidence. *Martin v. Board of Education of City of Albuquerque,* 79 N.M. 636, 447 P.2d 516 (1968). Harvey's assertion lacks such support; nor does he point on appeal to any portion of the record providing such support. Therefore, because the requisite bases of proof are absent, we conclude that this assertion of injury or prejudice is not entitled to consideration.

### D. Laches

In its motion against Founders, Citizens Bank also relied upon the defense of laches; Harvey also relied upon this defense in his motion against C & H Construction and Founders. At the motions hearing, Arrott joined in the defense and Harvey argued laches for these three appellees. The thrust of his argument was that the requisite elements of laches were present and that no issue of material fact existed concerning these elements. The court in *Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970), quoting from *Morris v. Ross,* 58 N.M. 379, 271 P.2d 823 (1954), listed the elements which must be shown to establish laches:

"(1) Conduct on the part of the defendant, * * * giving rise to the sit-

uation of which complaint is made and for which the complainant seeks a remedy, * * *;

"(2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of the defendant's conduct and having been afforded an opportunity to institute a suit;

"(3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and

"(4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred."

*Id.* at 802–03, 474 P.2d at 485–86. In addition, to establish the defense, the evidence must show both that the delay was unreasonable and that it prejudiced the defendant. *Powell v. Zuchert,* 125 U.S.App.D.C. 55, 366 F.2d 634 (1966); *see Apodaca v. Tome Land & Imp. Co. (NSL),* 91 N.M. 591, 577 P.2d 1237 (1977); *Cave v. Cave, supra.* Ordinarily the reasonableness or unreasonableness of anything is viewed as a mixed question of law and fact which should be determined by a jury. 75 Am.Jur.2d *Trial* § 356 (1974); *see also Kennedy v. Bond,* 80 N.M. 734, 460 P.2d 809 (1969); *Huff v. McClannahan,* 89 N.M. 762, 557 P.2d 1111, *cert. denied,* 90 N.M. 8, 558 P.2d 620 (1976). Given the facts of this case, e. g. the financial arrangements between C & H Construction and the bank and C & H Construction's dependence upon these arrangements, we rule that there exists a genuine factual issue concerning the reasonableness of appellants' delay in asserting their rights. Accordingly, we hold that the court erred in granting appellees' motion based upon laches.

### E. Ratification

Both Citizens Bank and Harvey relied upon the defense of ratification in their written motions for summary judgment. At the motions hearing, it appears

that the bank argued those same facts which it used to support its claim of waiver by Founders. Harvey contended that the renewal of notes and the partial releases from the December 28 security agreement amounted to a ratification.

In *Dunn v. Hite,* 27 N.M. 53, 195 P. 1078 (1921), our Supreme Court, quoting from a treatise on equity jurisdiction, stated:

If the party possessing the remedial right has obtained full knowledge of all the material facts involved in the transaction, has become fully aware of its imperfection and of his own rights to impeach it, or ought, and might, with reasonable diligence, have become so aware, and all undue influence is wholly removed so that he can give a perfectly free consent and *he acts* deliberately, and *with the intention of ratifying the voidable transaction,* then his confirmation is binding, and his remedial right, defensive or affirmative, is destroyed. (Emphasis added.)

*Id.* at 58, 195 P. at 1079–80; *see generally Woods v. Van Wallis Trailer Sales Company,* 77 N.M. 121, 419 P.2d 964 (1966); *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* 84 N.M. 524, 505 P.2d 867 (Ct.App.), *cert. denied,* 84 N.M. 512, 505 P.2d 855 (1972). Based upon the above statement, an intent to ratify must first be shown in order to establish ratification. Intent is usually a question for the jury. *Maxey v. Quintana,* 84 N.M. 38, 499 P.2d 356 (Ct. App.), *cert. denied,* 84 N.M. 37, 499 P.2d 355 (1972). After reading the record, we rule that Citizens Bank and Harvey failed to establish the absence of any material factual issue concerning C & H Construction's and Founder's intent to ratify the December 28 security agreement. This ruling is based upon those same facts referred to in our discussion of waiver. Accordingly, we hold that the court erred in granting Citizens Bank's and Harvey's motions based upon ratification. Again we remind appellees that it is improper for either the trial court or appellate court to weigh the evi-

dence in determining whether summary judgment should be granted. *Fresquez v. Southwestern Ind. Con. & Riggers, Inc.,* supra; *Huerta v. New Jersey Zinc Company,* supra.

*F. Avoidable consequences, judicial immunity and judicial estoppel*

Citizens Bank's written motion is based partly on the doctrine of avoidable consequences. At the motions hearing, this theory was argued by the bank in passing. On appeal, Wilson, Arrott and Harvey join the bank and contend that appellants' claims are barred by this doctrine. In its brief, the bank argues that Founder's claim is barred because of its execution, despite its knowledge of the bank's intention respecting the December 28 security agreement, of a continuing guaranty on January 23, 1974. Wilson, in his brief, argues that there were numerous occasions between January 1973, and February 1974, the date when a receiver was appointed in Citizens I, for appellants to have avoided the harm resulting from the bank's actions. Based upon this doctrine, appellees contend that summary judgment was properly granted against appellants. In so contending, appellees necessarily claim that there is no genuine issue of material fact concerning appellants' actions and this doctrine and that, because of the doctrine, appellees are entitled to judgment as a matter of law. Appellants argue that there remain material issues of fact with respect to this legal theory. We agree.

In *Rutledge v. Johnson,* 81 N.M. 217, 465 P.2d 274 (1970), our Supreme Court stated:

Under the doctrine of avoidable consequences a person injured by the tort of another is not entitled to damages for harm which he could have avoided *by the use of due care* after the commission of the tort. (Emphasis added.)

*Id.* at 220, 465 P.2d at 277. This Court in *Selgado v. Commercial Warehouse Company,* 88 N.M. 579, 544 P.2d 719 (Ct.App.1975), by way of defining the doctrine, said:

Under this doctrine, plaintiff cannot recover damages for injuries resulting from consequences after the accident occurred if plaintiff could *reasonably* have avoided these consequences. This is called the doctrine of "avoidable consequences." (Emphasis added.)

*Id.* at 581, 544 P.2d at 721. The use of due care involves a standard of reasonableness. *See Ferreira v. Sanchez,* 79 N.M. 768, 449 P.2d 784 (1969); *Archuleta v. Jacobs,* 43 N.M. 425, 94 P.2d 706 (1939). Therefore, integral to both of the above statements is the reasonableness of a party's actions. *Cf. Pillsbury v. Blumenthal,* 58 N.M. 422, 272 P.2d 326 (1954). We have already indicated that reasonableness is usually determined by a jury. In light of the present facts, e.g. the financial arrangements between C & H Construction and the bank, C & H Construction's dependence upon these arrangements, the close and ongoing relationship between C. R. Davis and the bank, C. R. Davis's statements that he protested the appointment of a receiver and Fidelity National Bank's early intervention into the Citizens I receivership proceedings, we rule that there exist genuine factual issues with respect to the reasonableness of appellants' actions. Therefore, we hold that the court erred in granting appellees' motions based upon the theory of avoidable consequences.

■ The written motions of Citizens Bank and Harvey are based in part on the theory of judicial immunity. The bank mentioned this theory in passing at three different points during the motions hearing; Harvey failed to argue the theory. Neither of these appellees argues the theory on appeal. We rule that such a cursory treatment falls short of carrying that burden required of the bank and Harvey with respect to this theory. Therefore, we hold that the court erred in granting the motions of these appellees based on judicial immunity.

■ Harvey contends, in his brief, that C & H Construction and Founders are prohibited from asserting their claims against him. This contention is based upon the doctrine of judicial estoppel. For support, Harvey points to appellants' knowledge of the alleged fraud in the procurement of the December 28 security agreement, their consent to the appointment of a receiver in Citizens I and their subsequent filing of the present suit based upon the alleged fraud and this appointment. Harvey claims this conduct is equivalent to maintaining an inconsistent position in a judicial proceeding which the doctrine was formulated to prevent. *See Citizens Bank v. C & H Const. & Paving Co., Inc., supra,* for a definition of judicial estoppel. Upon examining Harvey's contention, it is apparent that his argument is based upon the assertion that appellants consented or agreed to the appointment of a receiver in Citizens I. Appellants argue that there are material factual issues with respect to this consent. We agree.

We have already stated the record reveals that (1) C & H Construction and the bank were engaged in a series of financial transactions, (2) C & H Construction was financially dependent upon the continuing nature of these transactions and amicable relations with the bank, (3) the relationship between the bank and C. R. Davis was a close and ongoing one and (4) C. R. Davis claimed that he protested the appointment of a receiver. Because of these facts, we rule that a material factual issue exists as to whether appellants agreed to the appointment of a receiver. In addition, this Court in Citizens I concluded that the Davises had not consented to the appointment. This conclusion was based upon an analysis of the conduct of David F. Cargo, attorney for C & H Construction and C. R. Davis. We ruled that this conduct did not establish judicial estoppel as a matter of law. Therefore, the import of our ruling was that, at the very least, there was a factual question with respect to the application of this doctrine. Harvey points to no new facts in the present case which were not present in Citizens I. Therefore, we rule that his argument is without merit. Moreover, we again

remind appellees that it is improper for a trial or appellate court to weigh the evidence in deciding whether summary judgment should be granted.

▇ In arriving at our final holding that the court erred in granting the motions of Citizens Bank, Harvey and Arrott, we are aware that the bank argues that the allegations of appellants' second amended complaint fail to state any cause of action against it. This argument is based first on the assertion that Founders, as a shareholder of C & H Construction, has no capacity to sue the bank. In making this assertion, Citizens Bank misapprehends the nature of Founder's claims. Founders is not suing as a shareholder of C & H Construction; rather it is suing as an individual entity for injuries sustained independently through the alleged fraudulent and wrongful acts of the bank. *Buschmann v. Professional Men's Association*, 405 F.2d 659 (7th Cir. 1969); *see Bank of New Mexico v. Rice*, 78 N.M. 170, 429 P.2d 368 (1967). Therefore, this assertion is not well taken. In addition, the fact that Founders might not have had any direct dealings with Citizens Bank does not necessarily preclude it from asserting a cause of action against the bank. We held in Citizens I that a party, despite the absence of any immediate contact with the alleged tort-feasor, may recover for damages suffered if they were the natural and probable consequences of the alleged fraudulent conduct. Secondly, Citizens Bank bases its argument on the assertion that Founders cannot recover damages as a guarantor without a specific allegation that it has paid on the guarantee. As support for this assertion, the bank relies upon *Bank of New Mexico v. Rice, supra.* We conclude that this assertion is incorrect and the bank's reliance upon that case is misplaced. In *Bank of New Mexico,* the court discussed what type of proof was necessary *in order to recover damages.* In the case at hand, we are dealing with what type of damage allegation is sufficient to overcome a contention that a complaint fails to state

a cause of action. New Mexico adheres to the broad purposes of the Rules of Civil Procedure and construes the rules liberally, particularly as they apply to pleading. *See Biebelle v. Norero, supra; Hambaugh v. Peoples, supra.* As our Supreme Court stated in *Carroll v. Bunt, supra:* "The general policy of the Rules requires that an adjudication on the merits rather than technicalities of procedure and form shall determine the rights of the litigants." *Id.* 50 N.M. at 130, 172 P.2d at 118. Guided by this principle, we rule that, at this stage of proceedings, Founder's allegation that it "has been called upon to pay under the continuing guaranty" is a sufficient allegation of damages to overcome a contention that its complaint fails to state a cause of action. Accordingly, the bank's assertion is without merit. In so ruling, we note finally that the bank's assertion overlooks other elements of damages which Founders claims and which are adequately pleaded in its complaint.

*IV. Appellants' motion for partial summary judgment*

In their written motion, appellants moved for partial summary judgment against Citizens Bank and Harvey based upon the doctrine of res judicata and collateral estoppel. On appeal, appellants abandon their motion against Harvey. Because the court granted the bank's motion to strike on the basis that the claims of C & H Construction against the bank were compulsory counterclaims, C & H Construction is necessarily not a party to the motion for partial summary judgment. Therefore, the motion is only between Founders and Citizens Bank. In its brief, Founders argues that the Citizens I litigation necessarily and finally determined that the bank fraudulently procured the December 28 security agreement. Accordingly, Founders concludes that the bank is collaterally estopped from denying the fraud in the present suit and that the trial court erred in denying its motion for partial summary judgment. We disagree.

The basic issue involved in Founder's conclusions is whether it may take advantage of the Citizens I determination of fraudulent procurement. Since Founders was not a party to Citizens I, in order to do so, it must establish privity with a party to the previous litigation. *Atencio v. Vigil,* 86 N.M. 181, 521 P.2d 646 (1974). Not only must such privity be shown, but because of *Atencio's* mandate that mutuality exist, the required privity must be with a party to the previous judgment. As stated in 1B Moore's Federal Practice ¶ 0.441[3] at 3781 (2d ed. 1974):

> Privity requires that a party against whom the conclusive effect of a judgment is invoked must be a party or a privy to the judgment; and *mutuality, modified by the privity concept, requires that the party invoking the judgment must similarly be bound by it, either as a party or as a privy.* . . . (Emphasis added.)

*See City of Santa Fe v. Velarde, supra.* In Citizens I, two judgments were entered which are relevant to the present issue, one on the counterclaim of C. R. and Alice Davis and one on the cross-claim of James Davis. Since C & H Construction was not a party to these judgments, and indeed did not even assert a claim in the proceedings, Founders must establish its privity with one of the Davises in order to invoke the judgments' binding effect. The record indicates that the only assertion of privity made by any of the parties was that between Founders and C & H Construction. No attempt was made by Founders to establish its privity with any of the Davises. Privity is initially a question of fact. *See* 1B Moore's Federal Practice ¶ 0.411[1] at 1253–55 (2d ed. 1974); *Meeker v. Walker, supra.* Not only did Founders make no attempt to establish the privity required by its motion but it also failed to show the absence of any material dispute concerning this question. Accordingly, we hold that it failed to carry its burden and that the court did not err in denying its motion for partial summary judgment.

In arriving at this holding, we note that on appeal Founders fails to argue that the court erred in denying its motion as to the issues of estoppel and waiver by the Davises. Because of this failure, Founders is deemed to have abandoned its attack on the trial court's ruling concerning these issues. *Wilson v. Albuquerque Board of Realtors,* 82 N.M. 717, 487 P.2d 145 (Ct.App. 1971); *see also State ex rel. State Hy. Dept. v. 1st Nat. Bank, etc.,* 91 N.M. 240, 572 P.2d 1248 (1977); *Perez v. Gallegos,* 87 N.M. 161, 530 P.2d 1155 (1974). In any event, the defenses of estoppel and waiver raised by the bank in Citizens I were based *inter alia* upon the assertion that the Davises did not oppose or object to the appointment of a receiver. It was upon these grounds that the jury was instructed. Other grounds have been asserted by appellees in the present suit to support their claims of estoppel and waiver. Accordingly, we conclude that these claims, in the posture presented to us, have not yet been necessarily and actually determined in Citizens I.

Based upon the foregoing, we reverse the court's orders granting appellees' summary judgment motions, affirm its order denying appellants' motion for partial summary judgment and remand.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.