## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SUNQUEST MARKETING, INC.,**
**a New Mexico corporation, d/b/a**
**PREMIUM SHOPPING GUIDE,**

      **Plaintiff,**

**v.**

**JOHN LORENTZEN and**
**PARK & SHUTTLE, INC.,**
**a New Mexico corporation,**

      **Defendants,**

**and**

**JOHN LORENTZEN and**
**PARK & SHUTTLE, INC.,**

      Third Party Plaintiffs-Appellants,

v.                                         **NO. 27,742**

**PARKING COMPANY OF AMERICA,**
**INC., a foreign corporation, and CHAVEZ**
**PROPERTIES AIRPORT PARKING OF**
**ALBUQUERQUE,**

      Third Party Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Michael Danoff & Associates, P.C.
Michael L. Danoff
Albuquerque, NM

for Appellants

Silva, Saucedo & Gonzales, P.C.
Benjamin Silva, Jr.
Steven L. Gonzales
Albuquerque, NM

for Appellees


**MEMORANDUM OPINION**

**CASTILLO, Judge.**

In this case, we determine whether the district court properly deviated from the American rule to award attorney fees to the prevailing party. We apply the contractual agreement exception to the American rule and conclude that the district court did not abuse its discretion. We further determine that a federal court ruling that denied attorney fees as between the same parties does not make the issue of state court attorney fees res judicata. Accordingly, we affirm.

**I.      BACKGROUND**

In 2003, Sunquest Marketing, Inc. (Sunquest) sued John Lorentzen and Park & Shuttle (collectively Lorentzen) for failure to pay contractual charges. Soon afterward, Lorentzen filed a third-party complaint against Parking Company of

America and Chavez Properties Airport Parking of Albuquerque (collectively PCA) and sought indemnification for any judgment that Sunquest might obtain. Sunquest filed a motion for summary judgment in its litigation against Lorentzen, and the district court granted summary judgment because Lorentzen failed to contest the motion. Lorentzen satisfied the judgment.

PCA then filed a motion for summary judgment in the third-party action. The motion was based on Section 1.08 of the Joint Venture Agreement (Agreement), to which Lorentzen and PCA were parties. After a hearing, the district court granted PCA's motion for summary judgment. Lorentzen appealed to this Court, which affirmed by memorandum opinion. *See Sunquest Mktg., Inc. v. Lorentzen*, No. 26,375 slip op. (N.M. Ct. App. June 9, 2006).

Before Lorentzen filed the notice of appeal, PCA filed a motion to recover attorney fees and costs stemming from the indemnity action. This Court did not address the issue of attorney fees in its memorandum opinion, and the district court held a hearing on the matter after mandate issued on Lorentzen's appeal. In a letter decision, the district court granted, in large part, PCA's motion for attorney fees and costs. Lorentzen appeals the district court's award.

**II.    DISCUSSION**

Lorentzen makes two arguments on appeal. First, it contends that the district

court misapplied the American rule in order to award attorney fees to PCA. Second, Lorentzen argues that the district court improperly ignored an earlier federal court ruling regarding the same parties, which refused to award attorney fees to PCA. We consider each argument in turn.

**A.     The American Rule**

We review an award of attorney fees for abuse of discretion. *See N.M. Right to Choose /NARAL v. Johnson*, 1999-NMSC-028, ¶ 6, 127 N.M. 654, 986 P.2d 450. "New Mexico adheres to the so-called American rule that, absent statutory or other authority, litigants are responsible for their own attorney's fees." *Id.* ¶ 9 (internal quotation marks and citation omitted). "[S]tatutory or other authority" includes contractual agreements regarding the payment of attorney fees. *Id.* In addition, New Mexico appellate courts "have recognized that an award of attorney fees without a basis in a statute, contractual provision, or court rule may be justified as an exercise of a court's inherent powers when litigants, their attorneys, or both have engaged in bad faith conduct before the court or in direct defiance of the court's authority." *Id.* ¶ 16 (internal quotation marks and citation omitted).

Lorentzen relies on this second exception to the American rule and argues that deviation from the rule was not warranted because Lorentzen did not act in bad faith. Because the indemnification suit against PCA was based on a sound legal theory,

4

Lorentzen contends that there was no basis for the district court to depart from the American rule. PCA responds that bad faith was not the basis for the attorney fee award. Instead, PCA argues that the district court based the award on the Agreement—specifically Section 1.08—and that the award was based on a contract, thereby justifying deviation from the American rule.

The district court's ruling refers neither to bad faith nor to Section 1.08. Because PCA concedes that bad faith did not form the basis for the award, we limit our analysis to review of the Agreement and Section 1.08. We consider the contract de novo in order to determine whether the district court abused its discretion by ordering Lorentzen to pay PCA's attorney fees. *See N.M. Right to Choose/NARAL*, 1999-NMSC-028, ¶ 8 ("[T]he dispositive issue on appeal is a legal question, and we review the district court's answer to this question de novo."); *see also Krieger v. Wilson Corp.*, 2006-NMCA-034, ¶ 13, 139 N.M. 274, 131 P.3d 661 ("We apply the general rules of contract construction in determining the meaning of the language used in indemnity contracts and clauses.").

Section 1.08 states that

[e]ither Party hereto acting or purporting to act for or on behalf of the other Party hereto in violation of the terms and provisions of this Agreement shall be acting without authority and the Party acting or purporting to act shall indemnify and hold the other Party harmless from and against any and all claims, loss, liability or expense, which might arise or result from any such act or acts, including, without limitation, all

attorneys' fees and expenses actually incurred.

In this provision, each party agreed to indemnify the other from certain losses—the acting party agreed to "hold the other [p]arty harmless" from any liability, including attorney fees, that resulted from unauthorized acts. It is indisputable, at this point, that Lorentzen acted without authority in entering into the contract with Sunquest. The district court found as much when it granted summary judgment to PCA, based in part on the ruling of the federal district court and in part on its own determination that Lorentzen violated Section 1.08 by entering into an unauthorized contract. This Court affirmed the district court's reliance on the federal court's finding of fact. *Sunquest Mktg., Inc.*, No. 26,375 slip op. at 5-6.

Now we turn to the effect of Section 1.08 on the case before us and analyze whether the language of Section 1.08 creates a contractual right to attorney fees for PCA. The federal court ruling explained that Section 1.08 applied "to liabilities to third parties created by the unauthorized conduct of one or the other of the parties to the . . . Agreement." That statement describes the state court action precisely: after PCA was brought into the Sunquest litigation by Lorentzen "for indemnification for any judgment of [Sunquest] against [Lorentzen] as a result of this action," PCA was potentially liable for a judgment in favor of Sunquest. As a result, under Section 1.08 of the Agreement, the third-party indemnity action constituted a "claim, loss, liability

6

or expense" for PCA, which arose from Lorentzen's unauthorized act. This Court has already agreed with this assessment of the indemnity action: "the only issue in this case below was who owes the debt to [Sunquest]." *Sunquest Mktg., Inc.*, No. 26,375 slip op. at 4 (internal quotation marks omitted). Because Lorentzen's unauthorized act triggered a potential liability to a third party for PCA, Lorentzen is required by Section 1.08 to hold PCA harmless for attorney fees and expenses relating to that liability.

Lorentzen argues that the district court disregarded the purpose of the American rule when it awarded PCA attorney fees. Specifically, Lorentzen argues that deviation from the American rule allows parties to run up costs and denies litigants access to the courts. *See Paz v. Tijerina*, 2007-NMCA-109, ¶ 17, 142 N.M. 391, 165 P.3d 1167 (describing these as the underlying policies of the American rule). The American rule, however, recognizes "the authority of . . . contractual agreement." *N.M. Right to Choose/NARAL*, 1999-NMSC-028, ¶ 9. We have already determined that the Agreement provides the basis for the award of attorney fees in this case. As a result, the district court did not deviate from the purpose of the American rule, but instead, it operated within a well-established exception. Accordingly, we conclude that the district court did not abuse its discretion by construing Section 1.08 to create a contractual right to attorney fees.

**B.    The Federal Ruling**

Lorentzen's second argument is that the district court improperly disregarded the federal court ruling, which denied PCA attorney fees under Section 1.08. Specifically, Lorentzen contends that the issue of attorney fees was res judicata as a result of the federal court's ruling. PCA first counters with the argument that res judicata was not argued below and is therefore not preserved. We do not agree; Lorentzen raised this same issue in its response to PCA's motion for attorney fees. In the alternative, PCA argues that the elements of res judicata and the facts of the present controversy do not support Lorentzen's argument.

"Res judicata is designed to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and . . . prevent [ ] inconsistent decisions, [and] encourage reliance on adjudication." *Computer One, Inc. v. Grisham & Lawless, P.A.*, 2008-NMSC-038, ¶ 31, 144 N.M. 424, 188 P.3d 1175 (alterations in original) (internal quotation marks and citation omitted). The doctrine of res judicata applies when there is "(1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) [the] same cause of action, and (4) [the] same subject matter." *State ex rel. San Miguel Bd. County Comm'rs v. Williams*, 2007-NMCA-036, ¶ 25, 141 N.M. 356, 155 P.3d 761 (alterations in original) (internal quotation marks and citation omitted). "In order for res judicata to apply, the claimant

8

must have had a full and fair opportunity to litigate the claim in the original action and there must have been a final decision on the merits." *Id.* (internal quotation marks and citation omitted).

Lorentzen, by asserting a res judicata argument, appears to contend that PCA's claim for attorney fees in the state-court indemnity action is the identical claim for attorney fees that was made in the federal court proceedings. *See id.* (explaining that res judicata is a form of claim preclusion, which prohibits "a subsequent action involving the same claim or cause of action" (internal quotation marks and citation omitted)). PCA's position is that the underlying federal court complaint was for claims different from those raised in the state-court complaint and that the requests for attorney fees in both courts were fundamentally distinct. In addition, PCA argues that the reasoning behind the federal court's refusal to award attorney fees does not apply to the indemnity proceeding. We agree with PCA.

The complaint filed in federal court was only between the two parties to the Agreement: Lorentzen and PCA, and the claims included conspiracy, loss of benefit of the bargain, breach of fiduciary duty, waste, mismanagement, fraud, tortious interference with business relations, conversion, and damage to credit reputation. Sunquest's suit against Lorentzen in state court was to recover the unpaid balance of contractual charges owed to Sunquest. Lorentzen then chose to file a third-party claim

against PCA for indemnification. In the federal suit, the primary concern was how the two parties conducted the business of the entity. In the state suit, the focus was whether liability was owed to a third party and if so, who was responsible for payment of that liability.

In order to resolve the federal claims, the federal court was required to make certain factual findings—including whether Lorentzen was authorized to enter the marketing contract with Sunquest. This issue—Lorentzen's authority to enter into the Sunquest contract—could not be relitigated based on collateral estoppel principles. *See Sunquest Mktg., Inc.*, No. 26,375 slip op. at 3; *see Silva v. State*, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987) ("Collateral estoppel bars relitigation of ultimate facts or issues actually and necessarily decided in a prior suit[;] . . . the cause of action in the second suit need not be identical with the first suit." (internal quotation marks and citation omitted)), *limited on other grounds by Archibeque v. Moya*, 116 N.M. 616, 618, 866 P.2d 344, 346 (1993). The application of issue preclusion, however, does not require a further conclusion that the state and federal claims were identical and barred by res judicata. *See C & H Constr. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 160, 597 P.2d 1190, 1200 (Ct. App. 1979) ("The doctrines of res judicata and collateral estoppel by judgment involve different and distinct principles. Res judicata in its proper application operates where there are identical parties, causes of action,

subject matter, and capacities in the two cases; collateral estoppel by judgment arises where the causes of action are different but some ultimate facts or issues may necessarily have been decided in the previous case." (internal quotation marks and citation omitted)). Despite the similarity in the relevant ultimate facts, the federal claims relating to the contract between the two parties and the breach of contract claim raised by a third party were discrete. As a result, the claim for attorney fees in the federal litigation was also distinct from the claim for attorney fees in the state court litigation.

The federal court, in considering attorney fees, reasoned that Section 1.08 "does not set aside the 'American [r]ule' applicable in New Mexico as to actions between the parties to the [Agreement]." In the federal case, the claims were solely related to the Agreement, Lorentzen, and PCA. The state cause of action was filed to satisfy a liability to a third party to the Agreement—Sunquest. Lorentzen contends that the current controversy is about attorney fees incurred by PCA "in battling" only Lorentzen. We disagree. "[T]raditional indemnification is a judicially created common-law right that grants to one who is held liable an all-or-nothing right of recovery from a third party." *In re Consol. Vista Hills Retaining Wall Litig.*, 119 N.M. 542, 545, 893 P.2d 438, 441 (1995). Based on this definition, the suit for indemnification was initiated in order to determine whether PCA was properly

responsible for any judgment rendered in Sunquest's favor. Therefore, the state court suit was more than just an "action[] between the parties to the [Agreement]," as the federal court characterized the federal suit. As a result, the federal court's analysis regarding attorney fees and Section 1.08 is inapplicable to the current controversy.

Accordingly, we hold that the federal court ruling on attorney fees did not render PCA's motion for attorney fees in state court res judicata.

**III.    CONCLUSION**

We affirm the district court.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**